Andrew O. Smith, Esq., SBN 217538
Justin R. Felton, Esq., SBN 299398
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone:   (310) 649-5772
Facsimile:   (310) 649-5777
E-mail:   aosmith@pettitkohn.com
            jfelton@pettitkohn.com

Attorneys for Defendant
**WALMART INC.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERENICE CHAVEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., A DELAWARE CORPORATION; and DOES 1 through 50, Inclusive,<br><br>Defendants. | CASE NO.: 2:20-cv-11753<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(a) and (b)**<br><br>Courtroom:<br>District Judge:<br>Magistrate Judge:<br>Complaint Filed:  July 30, 2020<br>Trial Date:          January 27, 2022 |

### TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant WALMART INC. ("Walmart"), by and through its counsel, hereby removes that above-entitled action filed by Plaintiff BERENICE CHAVEZ ("Plaintiff") in the Superior Court of the State of California, County of Los Angeles, Case No. 20STCV28790 to the United States District Court, Central District of California pursuant to 28 U.S.C. §1441, and respectfully alleges as follows:

1.      On July 30, 2020, an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled *Berenice Chavez v. Walmart Inc. and Does 1-50, Inclusive*, Case Number 20STCV28790 ("the State

1

Action").  A copy of the complaint filed in the State Action is attached hereto as **Exhibit "1"**.

2.     Walmart was served with a copy of the complaint filed in the State Action and a summons from the State Court on August 6, 2020.  A copy of the summons is attached hereto as **Exhibit "2"**.

3.     Walmart timely answered and propounded initial discovery.

4.     Based on a review of the State Court file as of the date of this filing, no other Defendant has been served with any summons or complaint in the State Action.  No proceedings have been had in the Los Angeles Superior Court.  The Los Angeles Superior Court set a trial date of January 27, 2022.

5.     Plaintiff's complaint purports to assert causes of action for personal injury and premises liability.  Plaintiff's complaint seeks to recover damages for lost wages, loss of earning capacity, hospital and medical expenses, future medical expenses, and past and future general damages.

### DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332 (A)

6.     This Court has jurisdiction over this matter under 28 U.S.C. § 1332 (a)(1), because there is complete diversity as the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Removal is therefore proper pursuant to 28 U.S.C. §§ 1441 (a) and (b).

7.     Defendant is informed and believes that Plaintiff is a citizen of California, residing at an address on West 74th Street in Los Angeles, pursuant to a witness statement provided to Defendant on the date of the incident.

8.     Walmart is a citizen of Delaware where it is incorporated, and of Arkansas, where it holds its principal place of business (in Bentonville, Arkansas).  Copies of Walmart's corporate information from the California Secretary of State Business Search and the Arkansas Secretary of Business/Commercial Services are attached hereto as **Exhibit "3"** and **Exhibit "4"**, respectively.

///

2354-9305

2

9.      Complete diversity of citizenship exists in that Plaintiff is a citizen of the State of California, County of Los Angeles; Defendant Walmart is a citizen of the State of Arkansas, where it is headquartered, and the State of Delaware, where it is incorporated.

10.     Because the State Action is pending in the Superior Court of California in and for the County of Los Angeles, removal of this action to this District Court is proper under 28 U.S.C. section 1441 (a).

11.     Removal is timely under 28 U.S.C. section 1446 (b) because this Notice of Removal is filed within 30 days of Walmart receiving Plaintiff's discovery responses which allege medical specials over $100,000, lost income of nearly $25,000 plus future care and general damages which meet the jurisdictional amount in controversy in excess of $75,000. (See Exhibit 8, pages 5-9), as well as Plaintiff confirming she is a resident domiciled in California.

12.     On September 4, 2020, Defendant served Form Interrogatories, Set One to Plaintiff, specifically requesting information related to Plaintiff's domicile for the past five (5) years and Plaintiff's damages.  A true and correct copy of Defendant's Form Interrogatories, Set One, are attached hereto as **Exhibit "5"**. Defendant also concurrently served Requests For Admission, Set One.  A true and correct copy of Defendant's Requests for Admission, Set One is attached to the Notice of Removal as **Exhibit "6"**.

13.     Plaintiff responded to Walmart's Form Interrogatories, Set One and Request for Admissions, Set One, on November 30, 2020.  (Attached as **Exhibit "7"** is a true and correct copy of Plaintiff's verified responses to Defendant's Form Interrogatories, Set One, with a proof of service dated November 30, 2020; See also **Exhibit "8"** verified responses to Defendant's Requests For Admission, Set One, with a proof of service dated November 30, 2020.)

14.     These responses indicate that Plaintiff is a citizen and resident of California with a current residence in Pomona, California and has domiciled in

2354-9305

NOTICE OF REMOVAL OF ACTION
CASE NO. 2:20-CV-11753

California for an undisclosed time. (See **Exhibit "7",** page 4, response 2.5, and **Exhibits "6", RFA No. 23 & Exhibit "8", Plaintiff's Response to RFA No. 23**. See also *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).)  Plaintiff also admitted in her verified responses that her damages are in excess of $75,000, with medical specials alone totaling an alleged $122,448.50 with additional bills pending. (See **Exhibit "7",** page 11-14, and **Exhibits "6", RFA No. 22 & Exhibit "8", Plaintiff's Response to RFA No. 22.)**

15.    Written notice of the filing of this Notice of Removal will be promptly served on Plaintiff.  A true and correct copy of this Notice of Removal and the concurrently-filed Notice of Interested Parties and Civil Cover Sheet will be filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles as soon as practicable.

**WHEREFORE**, Walmart requests that the above-entitled action be removed from the Superior Court of the State of California, County of Los Angeles, to this District Court.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated:  December 30, 2020       By:    s/ Justin R. Felton
Andrew O. Smith, Esq.
Justin R. Felton, Esq.
Attorneys for Defendant
**WALMART INC.**
aosmith@pettitkohn.com
jfelton@pettitkohn.com

2354-9305

4

# Exhibit 1

Exhibit 1
5

Electronically FILED by Superior Court of California, County of Los Angeles on 07/30/2020 03:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
20STCV28790

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Kristin Escalante

1   RAFII & NAZARIAN, LLP
    DANIEL J. RAFII, SBN 244174
2    daniel@rafiilaw.com
    CHRISTOPHER K. ROBERTS, SBN 232791
3    christopher@rafiilaw.com
    CHRISTIAN CASTRO, SBN 294955
4    christian@rafiilaw.com
    9100 Wilshire Boulevard, Suite 465E
5   Beverly Hills, California 90212
    Telephone:    310.777.7877
6   Facsimile:    310.777.7855

7   Attorneys for Plaintiff

8

9                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                            **COUNTY OF LOS ANGELES**

11

12   BERENICE CHAVEZ, an individual,          Case No.  20STCV28790

13                    Plaintiff,               **PLAINTIFF'S COMPLAINT FOR**
14          v.                                 **DAMAGES AND PERSONAL INJURIES**

15   WALMART INC., A DELAWARE                   1. **NEGLIGENCE;**
     CORPORATION; and DOES 1 through 50,        2. **PREMISES LIABILITY**
16   inclusive,

17                    Defendants.               DEMAND FOR JURY TRIAL

18

19          Plaintiff BERENICE CHAVEZ, an individual (hereinafter "Plaintiff") alleges as follows:

20                            **GENERAL ALLEGATIONS**

21          1.      Defendant WALMART INC., A DELAWARE CORPORATION, (hereinafter

22   "WALMART") is, and at all times mentioned herein a corporation created under the laws of the

23   State of Delaware, conducting business in Los Angeles County, California.

24          2.      Defendants WALMART, and DOES 1 through 50 may be collectively referred

25   to as "Defendants."

26          3.      Plaintiff does not know the true names of Defendants DOES 1 through 50 and

27   therefore sues them by those fictitious names.  Plaintiff will amend this Complaint to allege their

28

                                          1
                                     COMPLAINT

RAFII & NAZARIAN, LLP
9100 Wilshire Boulevard, Suite 465E
Beverly Hills, California 90212

Exhibit 1
6

RAFII & NAZARIAN, LLP
9100 Wilshire Boulevard, Suite 465E
Beverly Hills, California 90212

1    true names and capacities when ascertained. Plaintiff is informed and believes and thereon

2    alleges that each of those Defendants include agents and employees in of Defendant

3    WALMART, INC., residing in, and domiciled in, Los Angeles County, and were in some

4    manner negligently and proximately responsible for the events and happenings alleged in this

5    Complaint and for Plaintiff's injuries and damages.

6         4.    Plaintiff is informed and believes and thereon alleges that at all times mentioned

7    in this Complaint, each of the Defendants was the agent, alter-ego, joint venture, and/or

8    employee of each of the remaining Defendants, was acting at all times within the course and

9    scope of said agency and employment and with the knowledge and consent of the remaining

10   defendants, and/or was responsible for negligently hiring each of the remaining defendants.

11   Plaintiff is further informed and believes that at all times mentioned herein, each of the

12   Defendants was acting with the knowledge, direction, participation, acquiescence, ratification,

13   and/or consent of the remaining Defendants, and each of them.

14        5.    The acts or occurrences giving rise to this action occurred on August 1, 2018, in

15   the City of Norwalk, County of Los Angeles, California, and within the jurisdiction of the above-

16   captioned Court.

17        6.    At all times mentioned in this Complaint, Defendants, and each of them,

18   negligently owned, leased, rented, occupied, possessed, designed, constructed, developed,

19   landscaped, operated, inspected, repaired, maintained, modified, managed, controlled and/or

20   supervised a WALMART at 11729 Imperial Hwy, Norwalk, CA 90650 (hereinafter referred to

21   as the "Subject Premises").

22        7.    As a result of the acts and/or omissions of the Defendants, and each of them, as

23   hereinafter alleged, Plaintiff was caused to fall due to an unreasonably unsafe condition that was

24   created by Defendant WALMART, INC. on, and allowed to remain on, the Subject Premises,

25   thereby causing Plaintiff to sustain the injuries and damages complained of herein.

26        8.    Plaintiff is informed and believes that at all times mentioned herein, Defendants,

27   and each of them, owned, maintained, controlled, managed, operated, leased, rented, occupied,

28

Exhibit 1
7

1  possessed, designed, constructed, developed, landscaped, inspected, repaired, modified,

2  supervised, permitted, and/or were employed at the Subject Premises.

3      9.      At all times mentioned herein, Defendants, and each of them, owed a duty to

4  Plaintiffs to keep the subject premises in a safe condition by, inter alia, providing a warning

5  regarding the dangerous condition, or guarding against, preventing, curing, or removing the

6  dangerous condition.

7      10.     At all times mentioned herein, Plaintiff was lawfully on the Subject Premises and

8  was unable to foresee or prevent the impending injury.

9                          **VENUE**

10     11. Venue is proper because the injury and loss occurred in the County of Los Angeles.

11                     **FIRST CAUSE OF ACTION**

12          **(NEGLIGENCE BY PLAINTIFF AGAINST ALL DEFENDANTS)**

13     12.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 11.

14     13.     Plaintiff is informed and believes and thereon alleges that on August 1, 2018,

15  Defendants, and each of them, owed a duty of care to Plaintiff to keep the Subject Premises in a

16  safe condition by, inter alia, providing a warning regarding the dangerous condition or guarding

17  against, preventing, curing, or removing the dangerous condition.

18     14.     Plaintiff is informed and believes and thereon alleges, that on or about the above-

19  referenced date and place, Defendants, and each of them, owed a duty to Plaintiff because they

20  owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped,

21  operated, inspected, repaired, maintained, modified, managed, controlled, and/or supervised, the

22  subject premises, permitted or created the dangerous condition, and/or were employed at the

23  Subject Premises.

24     15.     Plaintiff is informed and believes and thereon alleges that Defendants, and each

25  of them, breached the aforementioned duty of the care when they negligently and carelessly

26  owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped,

27  operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised the

28

RAFII & NAZARIAN, LLP
9100 Wilshire Boulevard, Suite 465E
Beverly Hills, California 90212

3
COMPLAINT

Exhibit 1
8

1   subject premises; permitted or created the dangerous condition, increased the risk of harm, or

2   created a false sense of safety at the Subject Premises so as to cause Plaintiff to encounter a

3   dangerous and deceptive condition causing her to fall, and thereby directly causing the injuries

4   and damages to Plaintiff as described herein.

5       16.     As a direct and proximate result of the acts and omissions of Defendants, and

6   each of them, Plaintiff was injured in her health, strength, and activity, sustaining injuries to her

7   body and person, all of which said injuries have caused and continue to cause Plaintiff great

8   physical and mental pain and suffering. Plaintiff is informed and believes and thereon alleges

9   that these injuries will result in some permanent disability to her, all to her general damage in

10  an amount which will be stated according to proof at trial.

11      17.     As a further proximate result of the negligence of Defendants, Plaintiff has

12  incurred, and will continue to incur, medical and related expenses in an amount which will be

13  stated according to proof at trial.

14      18.     As a further proximate result of the negligence of Defendants as alleged herein,

15  Plaintiff has incurred, and will incur, loss of income, wages, property damage, and other

16  pecuniary losses, the full nature, extent, and amount of which are not yet known to Plaintiff, and

17  the exact number of such expenses will be stated according to proof at the time of trial.

18                      **SECOND CAUSE OF ACTION**

19      **(PREMISES LIABILITY BY PLAINTIFF AGAINST ALL DEFENDANTS)**

20      19.     Plaintiff incorporates each allegation set forth in Paragraphs 1 through 11, and

21  12 through 18, inclusive.

22      20.     At all times herein mentioned, Defendants owned, leased, rented, occupied,

23  possessed, designed, constructed, developed, landscaped, operated, inspected, repaired,

24  maintained, modified, managed, controlled and/or supervised the Subject Premises, and/or

25  permitted or created the dangerous condition the Subject Premises so as to cause or allow

26  dangerous and/or defective conditions thereon, and that at all times mentioned herein, the

27  condition of said premises were such that individuals upon the subject premises, including the

28

RAFII & NAZARIAN, LLP
9100 Wilshire Boulevard, Suite 465E
Beverly Hills, California 90212

4
COMPLAINT

Exhibit 1
9

1  Plaintiff, were exposed to danger and injury while lawfully on the Subject Premises. Defendants,

2  and each of them, failed to warn Plaintiff of the dangerous condition that existed at the Subject

3  Premises.

4      21.    At all times herein mentioned, Defendants created, knew of, or in the exercise of

5  reasonable care should have known of, the dangerous and defective condition, but failed to take

6  reasonable care to guard against, or warn against, the presence of said condition to prevent

7  injuries to reasonably foreseeable plaintiffs, and/or persons lawfully on the Subject Premises,

8  including Plaintiff.

9      22.    On or about the above-referenced date and place, Defendants, and each of them,

10  negligently and carelessly owned, leased, rented, occupied, possessed, designed, constructed,

11  developed, landscaped, operated, inspected, repaired, maintained, modified, managed,

12  controlled, and/or supervised the Subject Premises so as to cause Plaintiff to fall, and thereby

13  directly and proximately causing the injuries and damages to Plaintiff as described herein.

14      23.    As a direct and proximate result of the conduct of Defendants, and each of them,

15  Plaintiff was injured and injured in her health, strength, and activity, sustaining injuries to her

16  body and person, all of which said injuries have caused and continue to cause Plaintiff great

17  physical and mental pain and suffering. Plaintiff is informed and believes and thereon alleges

18  that these injuries will result in some permanent disability to him, all to her general damage in

19  an amount which will be stated according to proof at trial.

20      24.    As a further direct and proximate result of the negligence of Defendants, Plaintiff

21  has incurred, and will continue to incur, medical and related expenses in an amount according

22  to proof.

23      25.    As a further proximate result of the negligence of Defendants as alleged herein,

24  Plaintiff has incurred, and will incur, loss of income, wages, property damage, and other

25  pecuniary losses, the full nature, extent, and amount of which are not yet known to Plaintiff, and

26  the exact number of such expenses will be stated according to proof at the time of trial.

27  ///

28

RAFII & NAZARIAN, LLP
9100 Wilshire Boulevard, Suite 465E
Beverly Hills, California 90212

Exhibit 1
10

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, for the following:

1.   General damages according to proof;

2.   Damages for medical and related expenses according to proof;

3.   Damages for loss of earnings according to proof;

4.   Interest according to law;

5.   Costs of suit incurred herein; and,

6.   For such other and further relief as the Court may deem just and proper.

DATED: July 30, 2020                                    Respectfully submitted,

                                                        **RAFII & NAZARIAN, LLP**

                                        By: _____
                                                DANIEL J. RAFII, ESQ.
                                                CHRISTOPHER K. ROBERTS, ESQ.
                                                ESTHER ESTRADA, ESQ.
                                                Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff BERENICE CHAVEZ requests that the present matter be set for jury trial.

DATED: July 30, 2020                                    Respectfully submitted,

                                                        **RAFII & NAZARIAN, LLP**

                                        By: _____
                                                DANIEL J. RAFII, ESQ.
                                                CHRISTOPHER K. ROBERTS, ESQ.
                                                ESTHER ESTRADA, ESQ.
                                                Attorneys for Plaintiff

RAFII & NAZARIAN, LLP
9100 Wilshire Boulevard, Suite 465E
Beverly Hills, California 90212

Exhibit 1
11

# Exhibit 2

Exhibit 2
12

Electronically FILED by Superior Court of California, County of Los Angeles on 07/30/2020 03:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
20STCV28790

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WALMART INC., A DELAWARE CORPORATION;
and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BERENICE CHAVEZ, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>20STCV28790 |
|---|---|

Los Angeles Superior Court - Mosk Courthouse
111 N Hill Street, Los Angeles California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Daniel J. Rafii (SBN 244174) | Christopher Roberts (SBN 232791) Christian Castro (SBN 294955)
Rafii & Nazarian, LLP, 9100 Wilshire Blvd., Suite 465E, Beverly Hills, CA 90212

Tel: 310-777-7877
Fax: 310-777-7855

| DATE:<br>*(Fecha)* 07/30/2020 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)* C. Monroe | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify): *Delaware Corporation*
3. ☑ on behalf of (specify): *Walmart Inc. ;a*

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit 2
13

# Exhibit 3

Exhibit 3
14

**Alex Padilla**
**California Secretary of State**

 Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Monday, December 28, 2020. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C1634374   WALMART INC.

| | |
|---|---|
| **Registration Date:** | 02/03/1989 |
| **Jurisdiction:** | DELAWARE |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | **C T CORPORATION SYSTEM (C0168406)** |
| | To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| **Entity Address:** | 702 SW 8TH STREET |
| | BENTONVILLE AR 72716 |
| **Entity Mailing Address:** | 702 SW 8TH STREET |
| | BENTONVILLE AR 72716 |

🛒 **Certificate of Status**

A Statement of Information is due EVERY year beginning five months before and through the end of February.

| Document Type ⇅ | File Date ⬇ | PDF |
|---|---|---|
| SI-COMPLETE | 09/28/2020 | |
| FILING OFFICE STATEMENT | 09/25/2020 | |
| SI-COMPLETE | 09/15/2020 | |
| PUBLICLY TRADED DISCLOSURE | 06/30/2020 | |
| PUBLICLY TRADED DISCLOSURE | 07/05/2019 | |
| PUBLICLY TRADED DISCLOSURE | 07/03/2018 | |
| AMENDED REGISTRATION | 12/14/2017 | |
| PUBLICLY TRADED DISCLOSURE | 07/03/2017 | |

Exhibit 3
15

| Document Type ↕ | File Date ↓ | PDF |
|---|---|---|
| PUBLICLY TRADED DISCLOSURE | 08/17/2016 | |
| PUBLICLY TRADED DISCLOSURE | 07/16/2015 | |
| PUBLICLY TRADED DISCLOSURE | 07/01/2013 | |
| PUBLICLY TRADED DISCLOSURE | 07/02/2012 | |
| PUBLICLY TRADED DISCLOSURE | 06/28/2011 | |
| PUBLICLY TRADED DISCLOSURE | 06/30/2010 | |
| PUBLICLY TRADED DISCLOSURE | 09/04/2009 | |
| PUBLICLY TRADED DISCLOSURE | 06/30/2008 | |
| PUBLICLY TRADED DISCLOSURE | 06/07/2007 | |
| PUBLICLY TRADED DISCLOSURE | 07/24/2006 | |
| PUBLICLY TRADED DISCLOSURE | 06/29/2005 | |
| PUBLICLY TRADED DISCLOSURE | 06/01/2004 | |
| PUBLICLY TRADED DISCLOSURE | 12/09/2003 | Image unavailable. Please request paper copy. |
| REGISTRATION | 02/03/1989 | |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

**Modify Search**     **New Search**     **Back to Search Results**

Exhibit 3
16

# Exhibit 4

Exhibit 4
17



**Notice: The SOS Business and Commercial Services office will be closing at 12:00 noon on December 30th and will reopen on January 4, 2021 at 8:30am to complete the transfer of franchise tax administration and collection to DFA per the Arkansas Tax Reform Act of 2019. Any company wanting to dissolve before the end of the year must do so prior to this time.**

## Search Incorporations, Cooperatives, Banks and Insurance Companies

Printer Friendly Version

LLC Member information is now confidential per Act 865 of 2007

Use your browser's back button to return to the Search Results

Begin New Search

For service of process contact the Secretary of State's office.

| | |
|---|---|
| Corporation Name | WALMART INC. |
| Fictitious Names | BUD'S DISCOUNT CITY |
| | BUD'S WAREHOUSE OUTLET |
| | BUD'S WAREHOUSE OUTLET |
| | FORT SMITH REMARKETING |
| | SAM'S CLUB |
| | SAM'S WHOLESALE CLUB |
| | WAL-MART |
| | WAL-MART AVIATION |
| | WAL-MART EXPRESS |
| | WAL-MART NEIGHBORHOOD MARKET |
| | WAL-MART NEIGHBORHOOD MARKET |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER #1147 |
| | WAL-MART SUPERCENTER #8 |
| | WAL-MART VACATIONS |
| | WALTON LIFE FITNESS CENTER |
| Filing # | 100067582 |
| Filing Type | Foreign For Profit Corporation |
| Filed under Act | For Bus Corp; 958 of 1987 |
| Status | Good Standing |
| Principal Address | |
| Reg. Agent | C T CORPORATION SYSTEM |
| Agent Address | 124 WEST CAPITOL AVENUE, SUITE 1900 |
| | LITTLE ROCK, AR 72201 |
| Date Filed | 03/31/1970 |
| Officers | SEE FILE, Incorporator/Organizer |
| | RICKY YOUNG , Tax Preparer |
| | C DOUGLAS MCMILLON , President |
| | RACHEL BRAND , Secretary |
| | WAYNE HAMILTON , Vice-President |
| | AMANDA WHALEN , Treasurer |
| | DAVID CHOJNOWSKI , Controller |
| Foreign Name | N/A |
| Foreign Address | 702 SW 8TH STREET |
| | BENTONVILLE, AR 72716 |
| State of Origin | DE |

**Purchase a Certificate of Good Standing for this Entity**   **Pay Franchise Tax for this corporation**

Exhibit 4
18

# Exhibit 5

Exhibit 5
19

**DISC-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Andrew O. Smith, Esq.    (Bar # 217538)/Justin R. Felton, Esq.    (Bar # 299398)
PETTIT KOHN INGRASSIA LUTZ & DOLIN PC
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
TELEPHONE NO.: (310) 649-5772
FAX NO. *(Optional):* (310) 649-5777
E-MAIL ADDRESS *(Optional):* aosmith@pettitkohn.com
ATTORNEY FOR *(Name):*   Defendant WALMART INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES

SHORT TITLE OF CASE:

Berenice Chavez v. Walmart Inc., et al.

| **FORM INTERROGATORIES—GENERAL** | CASE NUMBER: |
|---|---|
| **Asking Party:** Defendant WALMART INC.<br><br>**Answering Party:** Plaintiff BERENICE CHAVEZ<br>**Set No.:** ONE | 20STCV28790 |

**Sec. 1. Instructions to All Parties**

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

**Sec. 2. Instructions to the Asking Party**

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions–Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

**Sec. 3. Instructions to the Answering Party**

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____    _____
(DATE)                          (SIGNATURE)

**Sec. 4. Definitions**

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

[X]  (1)  **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Page 1 of 8

Form Approved for Optional Use
Judicial Council of California
DISC-001 [Rev. January 1, 2008]

**FORM INTERROGATORIES—GENERAL**

Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

Exhibit 5
20

**DISC-001**

☐ **(2)   INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

**(b)  YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c)  PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d)  DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e)  HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f)   ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5.  Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]*
        Family Law *[See separate form FL-145]*

**1.0 Identity of Persons Answering These Interrogatories**

☒ 1.1 State the name, **ADDRESS,** telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (*Do not identify anyone who simply typed or reproduced the responses.*)

**2.0 General Background Information—individual**

☒ 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

☒ 2.2 State the date and place of your birth.

☒ 2.3 At the time of the **INCIDENT,** did you have a driver's license? If so state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☒ 2.4  At the time of the **INCIDENT,** did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☒ 2.5 State:
(a) your present residence **ADDRESS;**
(b) your residence **ADDRESSES** for the past five years; and
(c) the dates you lived at each **ADDRESS.**

☒ 2.6 State:
(a) the name, **ADDRESS,** and telephone number of your present employer or place of self-employment; and
(b) the name, **ADDRESS,** dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☒ 2.7 State:
(a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

☒ 2.8  Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

☒ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☒ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

*LexisNexis® Automated California Judicial Council Forms*

Exhibit 5
21

DISC-001

[X] 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON**? If so, state:
(a) the name, **ADDRESS,** and telephone number of that **PERSON:** and
(b) a description of your duties.

[X] 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT**? If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT.**

[X] 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the **ADDRESS** where each substance was used or taken;
(f) the name, **ADDRESS,** and telephone number of each person who was present when each substance was used or taken; and
(g) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**3.0  General Background Information—Business Entity**

[ ] 3.1  Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

[ ] 3.2  Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and **ADDRESS** of each general partner; and
(e) the **ADDRESS** of the principal place of business.

[ ] 3.3  Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

[ ] 3.4  Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and **ADDRESS** of each joint venturer; and
(d) the **ADDRESS** of the principal place of business.

[ ] 3.5  Are you an unincorporated association?
If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the **ADDRESS** of the principal place of business.

[ ] 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the **ADDRESS** of the principal place of business.

[ ] 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

**4.0  Insurance**

[X] 4.1 At the time of the **INCIDENT,** was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, for each policy state:
(a) the kind of coverage;
(b) the name and **ADDRESS** of the insurance company;
(c) the name, **ADDRESS,** and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, **ADDRESS,** and telephone number of the custodian of the policy.

[X] 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, specify the statute.

**5.0**  *[Reserved]*

**6.0  Physical, Mental, or Emotional Injuries**

[X] 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

[X] 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

**FORM INTERROGATORIES—GENERAL**

*LexisNexis® Automated California Judicial Council Forms*

Exhibit 5

DISC-001

[X] 6.3   Do you still have any complaints that you attribute to the **INCIDENT?** If so, for each complaint state:
(a)  a description;
(b)  whether the complaint is subsiding, remaining the same, or becoming worse; and
(c)  the frequency and duration.

[X] 6.4   Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT?** If so, for each **HEALTH CARE PROVIDER** state:

(a)  the name, **ADDRESS,** and telephone number;
(b)  the type of consultation, examination, or treatment provided;
(c)  the dates you received consultation, examination, or treatment; and
(d)  the charges to date.

[X] 6.5   Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT?** If so, for each medication state:
(a)  the name;
(b)  the **PERSON** who prescribed or furnished it;
(c)  the date it was prescribed or furnished;
(d)  the dates you began and stopped taking it; and
(e)  the cost to date.

[X] 6.6    Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a)  the nature;
(b)  the date;
(c)  the cost; and
(d)  the name, **ADDRESS,** and telephone number
        of each provider.

[X] 6.7   Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT?** If so, for each injury state:
(a)  the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**
(b)  the complaints for which the treatment was advised; and
(c)  the nature, duration, and estimated cost of the treatment.

**7.0  Property Damage**

[X] 7.1   Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**?  If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c)  state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d)  if the property was sold, state the name, **ADDRESS,** and telephone number of the seller, the date of sale,  and  the sale price.

[X] 7.2   Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a)  the name, **ADDRESS,** and telephone number of the **PERSON** who prepared it and the date prepared;
(b)  the name, **ADDRESS,** and telephone number of each **PERSON** who has a copy of it; and
(c)  the amount of damage stated.

[X] 7.3   Has any item of property referred  to  in  your  answer  to interrogatory 7.1 been repaired? If so, for each item state:
(a)  the date repaired;
(b)  a description of the repair;
(c)  the repair cost;
(d)  the name, **ADDRESS,** and telephone number of  the **PERSON** who repaired it;
(e)  the name, **ADDRESS,** and telephone number of  the **PERSON** who paid for the repair.

**8.0  Loss of Income or Earning Capacity**

[X] 8.1   Do you attribute any loss of income or earning capacity to the **INCIDENT**?  *(If  your  answer  is  "no," do not answer interrogatories 8.2 through 8.8).*

[X] 8.2   State:
(a)  the nature of your work;
(b)  your job title at the time of the **INCIDENT;** and
(c)  the date your employment began.

[X] 8.3    State the last date before the **INCIDENT** that you worked for compensation.

[X] 8.4   State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

[X] 8.5    State the date you returned to work at each place of employment following the **INCIDENT.**

[X] 8.6   State the dates you did not work and for which you lost income as a result of the **INCIDENT.**

[X] 8.7   State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

[X] 8.8   Will you lose income in the future as a result of the **INCIDENT?** If so, state:
(a)  the facts upon which you base this contention;
(b)  an estimate of the amount;
(c)  an estimate of how long you will be unable  to  work;  and
(d)  how the claim for future income is calculated.

DISC-001

**9.0  Other Damages**

[X]  9.1  Are there any other damages that you attribute to the **INCIDENT?** If so, for each item of damage state:
(a)  the nature;
(b)  the date it occurred;
(c)  the amount; and
(d)  the name, **ADDRESS,** and telephone number of each **PERSON** to whom an obligation was incurred.

[X]  9.2  Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**10.0  Medical History**

[X]  10.1  At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT?** If so, for each state:

(a)  a description of the complaint or injury;
(b)  the dates it began and ended; and
(c)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

[X]  10.2  List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT.** *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

[X]  10.3  At any time after the **INCIDENT,** did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a)  the date and the place it occurred;
(b)  the name, **ADDRESS,** and telephone number of any other **PERSON** involved;
(c)  the nature of any injuries you sustained;
(d)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e)  the nature of the treatment and its duration.

**11.0  Other Claims and Previous Claims**

[X]  11.1  Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a)  the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b)  the name, **ADDRESS,** and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c)  the court, names of the parties, and case number of any action filed;
(d)  the name, **ADDRESS,** and telephone number of any attorney representing you;
(e)  whether the claim or action has been resolved or is pending; and
(f)  a description of the injury.

[X]  11.2  In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:

(a)  the date, time, and place of the **INCIDENT** giving rise to the claim;
(b)  the name, **ADDRESS,** and telephone number of your employer at the time of the injury;
(c)  the name, **ADDRESS,** and telephone number of the workers' compensation insurer and the claim number;
(d)  the period of time during which you received workers' compensation benefits;
(e)  a description of the injury;
(f)  the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g)  the case number at the Workers' Compensation Appeals Board.

**12.0  Investigation—General**

[X]  12.1  State the name, **ADDRESS,** and telephone number of each individual:
(a)  who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT;**
(b)  who made any statement at the scene of the **INCIDENT;**
(c)  who heard any statements made about the **INCIDENT** by any individual at the scene; and
(d)  who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

[X]  12.2  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT?** If so, for each individual state:
(a)  the name, **ADDRESS,** and telephone number of the individual interviewed;
(b)  the date of the interview; and
(c)  the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

[X]  12.3  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT?** If so, for each statement state:
(a)  the name, **ADDRESS,** and telephone number of the individual from whom the statement was obtained;
(b)  the name, **ADDRESS,** and telephone number of the individual who obtained the statement;
(c)  the date the statement was obtained; and
(d)  the name, **ADDRESS,** and telephone number of each **PERSON** who has the original statement or a copy.

*LexisNexis® Automated California Judicial Council Forms*

Exhibit 5
24

**DISC-001**

[X] **12.4  Do YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;
(b) the places, objects, or persons photographed, filmed, or videotaped;
(c) the date the photographs, films, or videotapes were taken;
(d) the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and
(e) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

[X] **12.5 Do YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT?** If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);
(b) the subject matter; and
(c) the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

[X] **12.6  Was a report made by any PERSON** concerning the **INCIDENT?** If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;
(b) the date and type of report made;
(c) the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

[X] **12.7 Have YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT?** If so, for each inspection state:

(a) the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and
(b) the date of the inspection.

**13.0 Investigation—Surveillance**

[X] **13.1 Have YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a) the name, **ADDRESS,** and telephone number of the individual or party;
(b) the time, date, and place of the surveillance;
(c) the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

[X] **13.2 Has a written report been prepared on the** surveillance? If so, for each written report state:

(a) the title;
(b) the date;
(c) the name, **ADDRESS,** and telephone number of the individual who prepared the report; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

**14.0 Statutory or Regulatory Violations**

[X] **14.1 Do YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT?** If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

[X] **14.2  Was any PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT?** If so, for each **PERSON** state:

(a) the name, **ADDRESS,** and telephone number of the **PERSON;**
(b) the statute, ordinance, or regulation allegedly violated;
(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and
(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**15.0 Denials and Special or Affirmative Defenses**

[ ] **15.1  Identify each denial of a  material  allegation and each** special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial  or special or affirmative defense;
(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(c) identify all **DOCUMENTS** and other tangible  things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**16.0 Defendant's Contentions—Personal Injury**

[ ] **16.1  Do you contend that any PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON:**

(a) state the name, **ADDRESS,** and telephone number of the **PERSON;**
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible  things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[ ] **16.2  Do you contend that  plaintiff  was  not injured in the INCIDENT?** If so:

(a) state all facts upon which you base your contention;
(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(c) identify all **DOCUMENTS** and other tangible  things  that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

*LexisNexis® Automated California Judicial Council Forms*

Exhibit 5
25

**DISC-001**

**16.3**  Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**? If so, for each injury:

(a)  identify it;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.4**  Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**? If so:

(a)  identify each service;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.5**  Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a)  identify each cost;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.6**  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**? If so:

(a)  identify each part of the loss;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.7**  Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**? If so:

(a)  identify each item of property damage;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.8**  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a)  identify each cost item;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.9**  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:

(a)  the source of each **DOCUMENT;**
(b)  the date each claim arose;
(c)  the nature of each claim; and
(d)  the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**16.10**  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER;**
(b)  a description of each **DOCUMENT**; and
(c)  the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**17.0 Responses to Request for Admissions**

[X]  **17.1**  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a)  state the number of the request;
(b)  state all facts upon which you base your response;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0**  *[Reserved]*

**19.0**  *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

**20.1**  State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

**20.2**  For each vehicle involved in the **INCIDENT,** state:

(a)  the year, make, model, and license number;
(b)  the name, ADDRESS, and telephone number of the driver;

*LexisNexis® Automated California Judicial Council Forms*

Exhibit 5
26

DISC-001

(c) the name, **ADDRESS,** and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS,** and telephone number of each registered owner;

(e) the name, **ADDRESS,** and telephone number of each lessee;

(f) the name, **ADDRESS,** and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT,** and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT.**

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT.**

☐ 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the **INCIDENT?** If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT.**

☐ 20.8  State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT;**
(b) at the time of the **INCIDENT;** and (c) just after the **INCIDENT.**

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT?** If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS,** and telephone  number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT.**

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☐ 50.1 For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(b) state each part of the agreement not in writing, the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(e) state each modification not in writing, the date, and the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT.**

☐ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☐ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☐ 50.4 Was any agreement alleged in the pleadings  terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☐ 50.5 Is any agreement alleged in the pleadings unenforce-able? If so, identify each unenforceable agreement and state why it is unenforceable.

☐ 50.6  Is any agreement alleged in the pleadings  ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

*LexisNexis® Automated California Judicial Council Forms*

Exhibit 5
27

**PROOF OF SERVICE**
*Berenice Chavez v. Walmart Inc., et al.*
**Los Angeles Superior Court Case No. 20STCV28790**

I, the undersigned, declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action.  I am employed in the County of San Diego, California, and my business address is 11622 El Camino Real, Suite 300, San Diego, CA 92130.

On **September 4, 2020,** I caused to be served the following documents:

**DEFENDANT WALMART INC.'S FORM INTERROGATORIES PROPOUNDED TO PLAINTIFF BERENICE CHAVEZ (SET ONE)**

[X]    **BY MAIL:**  By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

   [X]    **BY FIRST-CLASS MAIL (Code Civ. Proc. §§ 1013(a)-(b))**
   [ ]    **BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c)-(d))**
   [ ]    **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED (Code Civ. Proc. §§ 1013(a)-(b))**

Daniel J. Rafii, Esq.
Christopher K. Roberts, Esq.
Christian Castro, Esq.
RAFII & NAZARIAN, LLP
9100 Wilshire Boulevard, Suite 465E
Beverly Hills, California  90212
Tel: (310) 777-7877
Fax: (310) 777-7855
Email: daniel@rafiilaw.com
          christopher@rafiilaw.com
          christian@rafiilaw.com
**Attorneys for Plaintiff**
**BERENICE CHAVEZ**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business.  I am aware that service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **September 4, 2020,** at San Diego, California.

_____
Marie Frandsen

2354-9305

9

DEFENDANT WALMART INC.'S FORM INTERROGATORIES PROPOUNDED TO PLAINTIFF
BERENICE CHAVEZ (SET ONE)

Exhibit 5
28

# Exhibit 6

Exhibit 6
29

1    Andrew O. Smith, Esq., SBN 217538
     Justin R. Felton, Esq., SBC 299398
2    **Pettit Kohn Ingrassia Lutz & Dolin PC**
     5901 W. Century Blvd., Suite 1100
3    Los Angeles, CA 90045
     Telephone: (310) 649-5772
4    Facsimile: (310) 649-5777
     E-mail: aosmith@pettitkohn.com
5            jfelton@pettitkohn.com

6    Attorneys for Defendant
     **WALMART INC.**

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF LOS ANGELES**

10

11    BERENICE CHAVEZ, an individual,      CASE NO.: 20STCV28790

12             Plaintiff,

13    v.                        **DEFENDANT WALMART INC.'S
REQUEST FOR ADMISSIONS
PROPOUNDED TO PLAINTIFF**

14    WALMART INC., A DELAWARE      **BERENICE CHAVEZ**
     CORPORATION; and DOES 1 through 50,
15    Inclusive,                    **(SET ONE)**

16             Defendants.

17                            Dept.: 29
                                    Judge: Hon. Kristin Escalante
18                                     Filed: July 30, 2020
                                    Trial: January 27, 2022

19    PROPOUNDING PARTY:    Defendant WALMART INC.

20    RESPONDING PARTY:      Plaintiff BERENICE CHAVEZ

21    SET NUMBER:            ONE

22        Defendant WALMART INC. ("Defendant") pursuant to California Code of Civil

23    Procedure section 2033.010 et seq., requests that Plaintiff BERENICE CHAVEZ ("Plaintiff")

24    admit the truth to the following specified matters of fact, opinion relating to fact, or application of

25    relative fact, and return the signed responses within thirty days of service of this Request for

26    Admissions.

27        Pursuant to California Code of Civil Procedure section 2033.210, Plaintiff shall respond in

28    writing under oath separately to each request or set forth an objection to the particular request.

1

DEFENDANT WALMART INC.'S REQUEST FOR ADMISSIONS PROPOUNDED TO
PLAINTIFF BERENICE CHAVEZ (SET ONE)

Exhibit 6
30

1  Each answer in response shall be as "complete and straightforward as the information reasonably

2  available to the responding party permits."  Moreover, each response shall comply with the strict

3  requirements of section 2033.010 et seq.  Additionally, Defendant formally gives notice of its

4  intent to recover expenses incurred in proving matters not admitted by Plaintiff that Defendant

5  later proves the truth of, pursuant to the Code of Civil Procedure section 2033.420.

6  **REQUEST FOR ADMISSIONS**

7  **REQUEST FOR ADMISSION NO. 1:**

8  Admit that WALMART was not negligent in this matter.  (For purposes of these requests,

9  "WALMART" means Defendant Walmart Inc. and its agents, employees, insurance companies,

10  and their agents, their employees, their attorneys, their accountants, their investigators, and

11  anyone else acting on its behalf.  )

12  **REQUEST FOR ADMISSION NO. 2:**

13  Admit that YOU were not injured as a result of the INCIDENT.  (For purposes of these

14  requests, "YOU" or "YOUR" means Plaintiff BERENICE CHAVEZ.)  (For purposes of these

15  interrogatories, "INCIDENT" includes the circumstances and events surrounding the alleged

16  occurrences giving rise to this action as alleged in YOUR COMPLAINT.)  (For the purposes of

17  these requests, "COMPLAINT" means the Complaint Plaintiff BERENICE CHAVEZ filed in the

18  Los Angeles County Superior Court, on or about July 30, 2020.)

19  **REQUEST FOR ADMISSION NO. 3:**

20  Admit that WALMART owed no duty to YOU on the date of the INCIDENT.

21  **REQUEST FOR ADMISSION NO. 4:**

22  Admit that WALMART breached no duty to YOU on the date of the INCIDENT.

23  **REQUEST FOR ADMISSION NO. 5:**

24  Admit that WALMART bears no liability to YOU for the INCIDENT.

25  **REQUEST FOR ADMISSION NO. 6:**

26  Admit that YOU do not know how long the item on which YOU alleged YOU slipped

27  was on the floor of the SUBJECT STORE before YOU allegedly slipped.  (For purposes of these

28  requests, "SUBJECT STORE" refers to WALMART Store, located at 11729 Imperial Highway

2

Exhibit 6
31

1  in Norwalk, California, in which YOU allege the INCIDENT occurred, as described in YOUR

2  COMPLAINT.)

3  **REQUEST FOR ADMISSION NO. 7:**

4      Admit that YOU do not know the source of the item alleged in YOUR COMPLAINT.

5  **REQUEST FOR ADMISSION NO. 8:**

6      Admit that YOU have no evidence that WALMART was aware of the item alleged in

7  YOUR COMPLAINT before the INCIDENT occurred.

8  **REQUEST FOR ADMISSION NO. 9:**

9      Admit that YOU have no evidence that a WALMART employee walked by the item

10  alleged in YOUR COMPLAINT before YOU allegedly fell.

11  **REQUEST FOR ADMISSION NO. 10:**

12      Admit that YOU have no evidence that a WALMART employee saw the item alleged in

13  YOUR COMPLAINT before YOU allegedly fell.

14  **REQUEST FOR ADMISSION NO. 11:**

15      Admit that YOU have no evidence that a customer informed WALMART of the item

16  alleged in YOUR COMPLAINT before YOU allegedly fell.

17  **REQUEST FOR ADMISSION NO. 12:**

18      Admit that YOU suffered no special medical damages as a result of the INCIDENT.

19  **REQUEST FOR ADMISSION NO. 13:**

20      Admit that YOU will incur no future damages as a result of the INCIDENT.

21  **REQUEST FOR ADMISSION NO. 14:**

22      Admit that YOU did not incur past wage loss as a result of the INCIDENT.

23  **REQUEST FOR ADMISSION NO. 15:**

24      Admit that YOU will not incur future wage loss as a result of the INCIDENT.

25  **REQUEST FOR ADMISSION NO. 16:**

26      Admit YOU have no loss of earning capacity as a result of the INCIDENT.

27  **REQUEST FOR ADMISSION NO. 17:**

28      Admit that YOU have no need of future treatment as a result of the INCIDENT.

3

Exhibit 6
32

1    **REQUEST FOR ADMISSION NO. 18:**

2         Admit that all of the injuries which you allege were caused by the INCIDENT pre-existed

3    the INCIDENT.

4    **REQUEST FOR ADMISSION NO. 19:**

5         Admit that YOU have suffered no harm as a result of the INCIDENT.

6    **REQUEST FOR ADMISSION NO. 20:**

7         Admit that YOUR injuries were caused, in whole, by YOU.

8    **REQUEST FOR ADMISSION NO. 21:**

9         Admit that YOUR injuries were caused, in part, by YOU.

10   **REQUEST FOR ADMISSION NO. 22:**

11        Admit that YOUR damages are in excess of $75,000.

12   **REQUEST FOR ADMISSION NO. 23:**

13        Admit that YOU are a California resident.

14   **REQUEST FOR ADMISSION NO. 24:**

15        Admit that YOU saw the item that YOU allege YOU slipped on prior to falling.

16   **REQUEST FOR ADMISSION NO. 25:**

17        Admit that YOU are not in the possession of any photographs taken on the INCIDENT.

18   **REQUEST FOR ADMISSION NO. 26:**

19        Admit that YOU are not in the possession of any photographs taken of the item YOU

20   allege YOU slipped on.

21                                    **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

22

23   Dated:  September 4, 2020          By:  _____

24                                          Andrew O. Smith, Esq.
                                            Justin R. Felton, Esq.
25                                          Attorneys for Defendant
                                            **WALMART INC.**

26

27

28

2354-9305

                                    4
              DEFENDANT WALMART INC.'S REQUEST FOR ADMISSIONS PROPOUNDED TO
                        PLAINTIFF BERENICE CHAVEZ (SET ONE)

Exhibit 6
33

## PROOF OF SERVICE
**Berenice Chavez** *v. Walmart Inc., et al.*
**Los Angeles Superior Court Case No. 20STCV28790**

I, the undersigned, declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action.  I am employed in the County of San Diego, California, and my business address is 11622 El Camino Real, Suite 300, San Diego, CA 92130.

On **September 4, 2020,** I caused to be served the following documents:

**DEFENDANT WALMART INC.'S REQUEST FOR ADMISSIONS PROPOUNDED TO PLAINTIFF BERENICE CHAVEZ (SET ONE)**

**[X]**   **BY MAIL:**  By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

    **[X]**   **BY FIRST-CLASS MAIL (Code Civ. Proc. §§ 1013(a)-(b))**
    **[ ]**   **BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c)-(d))**
    **[ ]**   **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED (Code Civ. Proc. §§ 1013(a)-(b))**

Daniel J. Rafii, Esq.
Christopher K. Roberts, Esq.
Christian Castro, Esq.
RAFII & NAZARIAN, LLP
9100 Wilshire Boulevard, Suite 465E
Beverly Hills, California  90212
Tel: (310) 777-7877
Fax: (310) 777-7855
Email: daniel@rafiilaw.com
      christopher@rafiilaw.com
      christian@rafiilaw.com
**Attorneys for Plaintiff**
**BERENICE CHAVEZ**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **September 4, 2020,** at San Diego, California.

_____
Marie L. Frandsen

2354-9305

5
DEFENDANT WALMART INC.'S REQUEST FOR ADMISSIONS PROPOUNDED TO
PLAINTIFF BERENICE CHAVEZ (SET ONE)

Exhibit 6
34

# Exhibit 7

Exhibit 7
35

1  RAFII & NAZARIAN, LLP
   DANIEL J. RAFII, SBN 244174
2   *daniel@rafiilaw.com*
   CHRISTOPHER K. ROBERTS, SBN 232791
3   *christopher@rafiilaw.com*
   CHRISTIAN CASTRO, SBN 294955
4   *christian@rafiilaw.com*
   9100 Wilshire Boulevard, Suite 465E
5  Beverly Hills, California 90212
   Telephone:    310.777.7877
6  Facsimile:     310.777.7855

7  Attorneys for Plaintiff
   BERENICE CHAVEZ

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **COUNTY OF LOS ANGELES – SPRING STREET**

11

12  BERENICE CHAVEZ, an individual,          Case No. 20STCV28790

13              Plaintiff,                    *Assigned for All Purposes to: Hon. Kristin S.*
                                              *Escalante Dept 29*
    v.
14                                            **PLAINTIFF'S RESPONSES TO**
    WALMART INC., A DELAWARE                  **DEFENDANT WALMART INC.'S FORM**
15  CORPORATION; and DOES 1 through 50,       **INTERROGATORIES, SET ONE**
    inclusive,
16                                            Complaint Filed: July 30, 2020
                Defendants.
17

18

19

20
        PROPOUNDING PARTY:     Defendant, WALMART INC.
21
        RESPONDING PARTY:      Plaintiff, BERENICE CHAVEZ
22
        SET NO.:               ONE
23

24
        Plaintiff BERENICE CHAVEZ (hereinafter referred to as "Plaintiff" or "Responding
25
    Party") responds to the Form Interrogatories (Set One) served on it by Defendants WALMART
26
    INC. (referred to as "Propounding Party" or "Defendants") as follows:
27

28
                                              1
        **PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

Exhibit 7
36

**GENERAL OBJECTIONS**

This Response by Responding Party is made solely for the purpose of this action, and is made without waiving, or intending to waive, but, on the contrary, expressly reserving: (1) the right to object on the grounds of competency, propriety, admissibility, privilege, relevance, or materiality, or any other proper grounds, to the use of this Response or any facts information or documents identified herein, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (2) the right to object on any and all grounds, at any time, to the other interrogatories, requests for production or other discovery procedures involving or relating to the subject matter of this Response; and (3) the right at any time to revise, correct, add to, or clarify any of the responses provided herein. Responding Party has not yet completed its investigation of the facts relating to this action, its discovery in this action, or its preparation for trial. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, or establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions set forth herein or change conclusions, opinions, representations, objections and/or statements made herein. Responding Party accordingly reserves the right to change or supplement any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are formed. This Response reflects only the present state of Responding Party's recollection and the present state of discovery. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions which are presently known, but should in no way be to the prejudice of Responding Party in relation to further discovery, research, or analysis. Except for facts explicitly admitted herein, no admission of any nature whatsoever is implied or should be inferred. The fact that any Request herein has been answered should not be taken as an admission or acceptance of the existence of any documents assumed by such request.

**RESPONSES TO FORM INTERROGATORIES**

Exhibit 7
37

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

RAFII & ASSOCIATES, P. C.
EXCELLENCE| COMMITMENT| RESULTS

1

2 **FORM INTERROGATORY NO. 1.1:**

3      State the name, ADDRESS, telephone number, and relationship to you of each PERSON

4 who prepared or assisted in t-he preparation of the response to these interrogatories.

5 **RESPONSE TO INTERROGATORY NO. 1.1:**

6      BERENICE CHAVEZ, and Attorney CHRISTIAN R. CASTRO, Esq., who may be

7 contacted at Plaintiff's counsel's office in this matter.

8 **FORM INTERROGATORY 2.1:**

9      State:

10      (a) your name;

11      (b) every name you have used in the past; and

12      (c) the dates that you used each name.

13 **RESPONSE TO INTERROGATORY 2.1:**

14      (a) Berenice Chavez;

15      (b) Berenice Chavez;

16      (c) From birth to present.

17 **FORM INTERROGATORY 2.2:**

18      State the date and place of your birth.

19 **RESPONSE TO INTERROGATORY 2.2:**

20      09/01/1977.

21 **FORM INTERROGATORY 2.3:**

22      At the time of the INCIDENT, did you have a driver's license? If so, state:

23      (a) the state or other issuing entity;

24      (b) the license number and type;

25      (c) the date of issuance; and

26      (d) all restrictions

27 **RESPONSE TO INTERROGATORY 2.3:**

28

3

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
38

RAFII & ASSOCIATES, P. C.
EXCELLENCE | COMMITMENT| RESULTS

1  Objection. This interrogatory is not calculated to lead to the discovery of information

2  relevant to the subject matter of this action or to the discovery of admissible evidence.

3  Plaintiff responds as follows: Yes.

4  (a) California;

5  (b) B5534393, C;

6  (c) 7/28/2018; and

7  (d) Corrective lenses.

8  **FORM INTERROGATORY NO. 2.4:**

9  At the time of the INCIDENT, did you have any other permit or license for the operation of

10  a motor vehicle? If so, state:

11  (a) the state or other issuing entity;

12  (b) the license number and type;

13  (c) the date of issuance and;

14  (d) all restrictions.

15  **RESPONSE TO INTERROGATORY 2.4**

16  Objection. This interrogatory is not calculated to lead to the discovery of information

17  relevant to the subject matter of this action or to the discovery of admissible evidence. In the spirit

18  of discovery, Plaintiff responds as follows: No.

19  **FORM INTERROGATORY 2.5:**

20  State:

21  (a) your present residence ADDRESS;

22  (b) your residence ADDRESSES for the past five years; and

23  (c) the dates you lived at each ADDRESS.

24  **RESPONSE TO INTERROGATORY 2.5:**

25  (a-c)   2519 Aston Ave, Pomona, CA 91768 since March 2020; prior to that 12107 Painter

26  Ave. Whittier, CA 90605.

27  **FORM INTERROGATORY 2.6:**

28

4

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
39

1    State:

2        (a) the name, ADDRESS, and telephone number of your present employer or place of

3    self-employment; and

4        (b) the name, ADDRESS, dates of employment, job title, and nature of work for each

5    employer or self-employment you have had from five years before the INCIDENT until today.

6    **RESPONSE TO INTERROGATORY 2.6:**

7        (a) – (b) Continuing Development Incorporate; 350 Woodview Ave., Ste 100, Morgan Hill,

8            CA 95037.

9    **FORM INTERROGATORY 2.7:**

10       State:

11       (a) the name and ADDRESS of each school or other academic or vocational institution you

12           have attended, beginning with high school;

13       (b) the dates you attended;

14       (c) the highest-grade level you have completed; and

15       (d) the degrees received.

16   **RESPONSE TO INTERROGATORY 2.7:**

17       (a) – (d) Responding party does not recall the name of the school she attended. Discovery

18           and investigation continue. Responding party reserves the right to amend its response.

19   **FORM INTERROGATORY NO. 2.8:**

20       Have you ever been convicted of a felony?  If so, for each conviction state:

21       (a) the city and state where you were convicted;

22       (b) the date of conviction;

23       (c) the offense; and

24       (d) the court and case number.

25   **RESPONSE TO INTERROGATORY 2.8:**

26       No.

27   **FORM INTERROGATORY NO. 2.9:**

28

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

5

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
40

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

1    Can you speak English with ease?  If not, what language and dialect do you normally

2  use?

3  **RESPONSE TO INTERROGATORY 2.9**:

4    No, Spanish.

5  **FORM INTERROGATORY NO. 2.10:**

6    Can you read and write English with ease?  If not, what language and dialect do you normally

7  use?

8  **RESPONSE TO INTERROGATORY 2.10:**

9    No, Spanish.

10  **FORM INTERROGATORY NO. 2.11:**

11    At the time of the INCIDENT were you acting as an agent or employee for any PERSON?

12  If so, state:

13    (a) the name, ADDRESS, and telephone number of that PERSON; and

14    (b) a description of your duties.

15  **RESPONSE TO INTERROGATORY 2.11:**

16    No.

17  **FORM INTERROGATORY NO. 2.12:**

18    At the time of the INCIDENT, did you or any other person have any physical, emotional, or

19  mental disability or condition that may have contributed to the occurrence of the INCIDENT?  If

20  so, for each person state:

21    (a) the name, ADDRESS, and telephone number;

22    (b) then nature of the disability or condition; and

23    (c) the manner in which the disability or condition contributed to the occurrence of the

24  INCIDENT, or mental disability or condition that may have contributed to the occurrence of the

25  INCIDENT.

26  ///

27  **RESPONSE TO INTERROGATORY 2.12:**

28

6

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
41

1    No as to responding party. Unknown as to any other Party to this action.

2    **FORM INTERROGATORY NO. 2.13:**

3    Within 24 hours before the INCIDENT did you or any person involved in the INCIDENT

4    use or take any of the following substances: alcoholic beverage, marijuana, or other drug or

5    medication of any kind (prescription or not)?  If so, for each person state:

6    (a) the name, ADDRESS, and telephone number;

7    (b) the nature or description of each substance;

8    (c) the quantity of each substance used or taken;

9    (d) the date and time of day when each substance was used or taken;

10    (e) the ADDRESS where each substance was used or taken;

11    (f) the name, ADDRESS, and telephone number of each person who was present

12    when each substance was used or taken; and

13    (g) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER

14    who prescribed or furnished the substance and the condition for which it was prescribed.

15    **RESPONSE TO INTERROGATORY 2.13:**

16    Objection**.**  This interrogatory seeks information privacy protected under Article I, § I of the

17    California Constitution.  It additionally violates the attorney work product and attorney-client

18    communication privilege.  Subject to, and without waiving said objections, this Responding Party

19    responds as follows: no as to Plaintiff. Unknown as to any other Party to this action.  Investigation

20    and discovery are continuing and as such, Plaintiff reserves the right to supplement and amend this

21    response as further information becomes available, up to and including the time of trial.

22    **FORM INTERROGATORY NO 4.1:**

23    At the time of the INCIDENT, was there in effect any policy of insurance through which

24    you were or might be insured in any manner (for example, primary, pro-rata, or excess liability

25    coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of

26    the INCIDENT?  If so, for each policy state:

27    (a) the kind of coverage;

28

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

7

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
42

1       (b) the name and ADDRESS of the insurance company;

2       (c) the name, ADDRESS, and telephone number of each named insured;

3       (d) the policy number;

4       (e) the limits of coverage for each type of coverage contained in the policy;

5       (f) whether any reservation of rights or controversy or coverage dispute exists

6 between you and the insurance company; and

7       (g) the name, ADDRESS, and telephone number of the custodian of the policy.

8 **RESPONSE TO INTERROGATORY 4.1:**

9       Objection. Since this responding party is neither a defendant nor a cross-defendant, this

10 responding party will not be liable to satisfy a judgment or reimburse for payments made to satisfy

11 a judgment. Code of Civil Procedure §2017.210 was enacted to permit a plaintiff to obtain discovery

12 regarding a defendant's liability insurance in order to facilitate the settlement of a claim. The

13 legislative history, context and purpose of said code section was specifically intended to authorize

14 limited discovery of a defendant's liability insurance coverage, not any other type of insurance. See

15 *Catholic Mut. Relief Soc. v. Superior Court* (2007) 42 Cal. 4th 358. Accordingly, the requested

16 information, as it relates to insurance other than automobile liability insurance, is not subject to

17 disclosure, pursuant to the provisions of Code of Civil Procedure §2017.210. OBJECTION. This

18 form interrogatory calls for information protected by the attorney work product privilege, the

19 attorney-client privilege and it violates the protection afforded by Code of Civil Procedure § 2018

20 (a) and (b), *Coito v Superior Court,* 142 Cal.Rptr. 3d 607 (2012) and *Nacht & Lewis Architects, Inc.*

21 *v. Superior Court of Sacramento County*, 47 Cal. App. 4th 214 (1996) because it is designed to elicit

22 Plaintiff's counsel's legal reasoning, conclusions, opinions and theories by calling for an evidentiary

23 determination which would reveal the strengths and weaknesses of plaintiff's case, and insofar as it

24 seeks to ascertain writings prepared by plaintiff's attorneys in preparation for trial, improper in form.

25 It additionally violates the attorney work product privilege in that it seeks early disclosure of

26 Plaintiff's counsel's trial strategy and identity of witnesses that may, or may not, be called at trial.

27 Calls for expert opinion from a lay witness, and seeks early disclosure of expert witness information

28

RAFII & ASSOCIATES, P.C.
EXCELLENCE| COMMITMENT| RESULTS

8

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
43

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

1   and opinion. It violates the attorney-client communication privilege, and seeks medical information

2   privacy protected under *Article I*, § I of the California Constitution. OBJECTION. Personal financial

3   information comes within the zone of privacy protected by the California Constitution, Article I, §1.

4   *See Valley Bank of Nevada v. Superior Court* (1975) 15 Cal. 3d 652, 656. The Insurance Information

5   Act and Privacy Protection Act, *Insurance Code* §§793, et seq. limits the disclosure of information

6   in connection with insurance transactions. *See Griffith v. State Farm Mutual Auto Ins. Co.* (1991)

7   230 Cal. App. 3d 59, 65-71. "Privileged information" means any individually identifiable

8   information that both (1) relates to a claim for insurance benefits . . . and (2) is collected in

9   connection with or in reasonable anticipation of a claim for insurance benefits. See Insurance Code

10  §791.02(v)(1), (2). Subject to, and without waiving said objections, this Responding Party responds

11  as follows: yes.

12      (a) Kaiser;

13      (b) Health Plan;

14      (c) BERENICE CHAVEZ;

15      (d) 00-0003855606;

16      (e) N/A;

17      (f) N/A;

18      (g) Kaiser.

19      Investigation and discovery are continuing and as such, Plaintiff reserves the right to

20  supplement and amend this response as further information becomes available, up to and including

21  the time of trial.

22  **FORM INTERROGATORY NO. 4.2:**

23      Are you self-insured under any statute for the damages, claims, or action that have arisen out

24      of the INCIDENT? If so, specify the statute.

25  **RESPONSE TO INTERROGATORY 4.2:**

26      No.

27  **FORM INTERROGATORY NO. 6.1:**

28

9

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
44

1    Do you attribute any physical, mental or emotional injuries to the INCIDENT? (If you

2  answer is "no" do not answer interrogatories 6.2 through 6.7.

3  **RESPONSE TO INTERROGATORY 6.1:**

4    Objection. Seeks information which is privacy protected under Article I, § I of the California

5  Constitution, as well as collateral source information.  Attorney-client communication and attorney

6  work product privileged information.  Subject to, and without waiving said information, this

7  Responding Party responds as follows: yes. Investigation and discovery are continuing and as such,

8  Plaintiff reserves the right to supplement and amend this response as further information becomes

9  available, up to and including the time of trial.

10  **FORM INTERROGATORY NO. 6.2;**

11    Identify each injury you attribute to the INCIDENT and the area of your body affected.

12  **RESPONSE TO INTERROGATORY 6.2:**

13    Objection. Seeks information which is privacy protected under Article I, § I of the California

14  Constitution, as well as collateral source information.  Attorney-client communication and attorney

15  work product privileged information.  This interrogatory is improper on the grounds of the General

16  Objections set forth above, and incorporated herein by this reference. Further, this interrogatory is

17  overbroad, burdensome and oppressive, and seeks information, which is protected from disclosure

18  by the attorney-client privilege and work product doctrine. Seeks early disclosure of expert witness

19  information and opinion. Pursuant to California *Code of Civil Procedure* §2030.230, the information

20  needed to respond to this interrogatory may be obtained from the Plaintiff's medical records which

21  are equally available to Defendant and its counsel of record. Notwithstanding the foregoing,

22  objections, and without prejudice to or waiver thereof, Plaintiff responds in good faith as follows:

23  pain to low back, left buttock, thigh, knee, and leg. Nevertheless, and notwithstanding the foregoing

24  responses, discovery is continuing in this matter and it is anticipated that investigation, legal

25  research, and analysis will supply additional facts, additional information concerning previously

26  known facts, and will establish new factual and legal contentions which may lead to substantial

27  additions, changes and variations from contentions previously known and stated herein.

28

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

10

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
45

1  Investigation and discovery are continuing and as such, Plaintiff reserves the right to supplement

2  and amend this response as further information becomes available, up to and including the time of

3  trial.

4  **FORM INTERROGATORY NO. 6.3:**

5       Do you still have any complaints that you attribute to the INCIDENT?  If so, for each

6  complaint state:

7       (a) a description;

8       (b) whether the complaint is subsiding, remaining the same, or becoming worse; and

9       (c) the frequency and duration.

10 **RESPONSE TO INTERROGATORY 6.3:**

11      Objection. Seeks information which is privacy protected under Article I, § I of the California

12 Constitution, as well as collateral source information.  Attorney-client communication and attorney

13 work product privileged information. Subject to, and without waiving said information, this

14 Responding Party responds as follows: yes. Responding party continues to suffer pain to her low

15 back, left buttock, thigh, knee, and leg. Investigation and discovery are continuing and as such,

16 Plaintiff reserves the right to supplement and amend this response as further information becomes

17 available, up to and including the time of trial.

18 **FORM INTERROGATORY NO. 6.4:**

19      Did you receive any consultation or examination (except from expert witnesses covered by

20 Code of Civil Procedure, § 2034) or treatment from a HEALTH CARE PROVIDER for any injury

21 you attribute to the INCIDENT?  If so, for each HEALTH CARE PROVIDER state:

22      (a) the name, ADDRESS, and telephone number;

23      (b) the type of consultation, examination, or treatment provided;

24      (c) the dates you received consultation, examination, or treatment; and

25      (d) the charges to date

26

27 **RESPONSE TO INTERROGATORY 6.4:**

28

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

11

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
46

Objection. Plaintiff objects to this interrogatory as burdensome and harassing in that is calls for production of a list or summary where not such list or summary presently exists. *California Code of Civil Procedure §2030.230. Brotsky v. State Bar of California, 57 Cal. 2d 287 (1962).* Plaintiff has identified all health care providers wo treated her for this injury. The request for a narration of the date and nature of the treatment received is improper because it actually seeks the contents of documents available to Defendants. As such, the interrogatory is burdensome and oppressive. *West Pico Furniture Co. v. Superior Court*, 56 Cal.2d 407, 418-419 (1961). This interrogatory is improper on the grounds of the General Objections set forth above, and incorporated herein by this reference. Further this interrogatory is overbroad, burdensome, and oppressive, and seeks information, which is protected from disclosure by attorney-client privilege and work product doctrine. Moreover, Plaintiff is not a medical doctor. Pursuant to *California Code of Civil Procedure* §2030.230, the information needed to respond to this interrogatory may be obtained from the Plaintiff's medical records, which are equally available to Defendants and their counsel of record.

Plaintiff responds as follows: Yes

| NO. | PROVIDER | TREATMENT TYPE | TREATMENT DATE(S) | AMOUNT |
|---|---|---|---|---|
| 1. | Kaiser Permanente Orchard Medical Offices 9449 E Imperial Hwy Downey, CA 90242-2814 (833) 574-2273 | Hospital | 08/03/2018 | **$7,017.00** |
| 2. | Lim Rehabilitation & Chiropractic Inc. 7630 Painter Ave Suite B Whittier, CA 90602 (855) 833-3335 | Chiro | 08/11/2018 to 01/12/2019 | **$5,425.00** |
| 3. | ExpertMRI 9500 Artesia Blvd Bellflower, CA 90706 (877) 674-8888 | MRI Left Knee MRI L/S X-Ray Left Knee MRI L/S | 09/13/2018 09/13/2018 04/03/2020 04/03/2020 | $1,695.00 $1,695.00 $250.00 $1,695.00 **$5,585.00** |

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

RAFII & ASSOCIATES, P. C.
EXCELLENCE| COMMITMENT RESULTS

Exhibit 7
47

RAFII & ASSOCIATES, P.C.
EXCELLENCE| COMMITMENT| RESULTS

| | | | | |
|---|---|---|---|---|
| 4. | Sunny Rubin, M.D.<br>455 Old Newport Blvd Suite # 101<br>Newport Beach, CA 92663<br>(949) 933-7012 | Initial Pain Management Consult<br>Lumbar Facet<br>Follow Up<br>Follow Up<br>Lumbar Facet<br>Follow Up<br>Radiofrequency Ablation<br>Follow Up | 10/23/2018<br>11/13/2018<br>11/20/2018<br>09/03/2019<br>11/19/2019<br>12/03/2019<br><br>01/13/2020<br>01/21/2020 | $1,150.00<br>$4,500.00<br>$650.00<br>$650.00<br>$5,150.00<br>$650.00<br><br>$11,650.00<br>$650.00 |
| 5. | Downey Interventional Procedure Center<br>Sunny J. Rubin, M.D.<br>11525 Brookshire Ave 405<br>Downey, CA 90241<br>(949) 585-2282 | Lumbar Facet<br>Lumbar Facet | 11/13/2018<br>11/19/2019 | $8,650.00<br>$8,650.00<br>**$17,300.00** |
| 6. | Irvine Anesthesia<br>P.O. Box 53722<br>Irvine, CA 92619 | Anesthesia | 11/13/2018<br>11/19/2019<br>01/13/2020 | $1,650.00<br>$1,770.00<br>$2,100.00<br>**$5,520.00** |
| 7. | Newport Institute of Minimally<br>455 Old Newport Ste 100<br>Newport Beach, CA 92663 | Radiofrequency Ablation | 01/13/2020 | **$15,900.00** |
| 8. | California Orthopedic & Microsurgery Institute<br>1513 S Grand Ave Suite 208<br>Los Angeles, CA 90015<br>(213) 765-8088 | | 02/14/2019<br>02/23/2019<br>03/16/2019<br>03/23/2019<br>04/08/2019<br>04/10/2019<br>04/15/2019<br>04/17/2019<br>05/01/2019<br>05/08/2019<br>05/24/2019<br>05/29/2019<br>06/10/2019<br>06/19/2019<br>06/26/2019 | $1,711.00<br>$646.00<br>$646.00<br>$646.00<br>$4,273.00<br>$225.00<br>$646.00<br>$646.00<br>$200.00<br>$473.00<br>$473.00<br>$473.00<br>$4,726.00<br>$496.00<br>$496.00 |

13

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
48

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

| | | | | |
|---|---|---|---|---|
| 9. | David J. Downs, M.D.<br>455 Old Newport Blvd Suite # 101<br>Newport Beach, CA 92663<br>(949) 933-7012 | Initial Ortho Consult<br>Follow Up<br>PRP Inj.<br>Follow Up<br>PRP Inj.<br>Follow Up<br>Follow Up | 09/13/2019<br>10/04/2019<br>10/18/2019<br>12/06/2020<br>01/24/2020<br>02/21/2020<br>05/01/2020 | $1,950.00<br>$950.00<br>$4,950.00<br>$950.00<br>$4,950.00<br>$950.00<br>$950.00 |
| 10. | Beverly Radiology Medical Group<br>P.O. Box 101418<br>Pasadena, CA 91189-1418 | MRI Pelvis | 03/07/2020 | **$1,435.00** |
| 11. | Orthopedic & Spine Institute of Los Angeles<br>10750 Washington Blvd. Culver City, CA 90232<br>(310) 253-9999 | Initial Ortho Consult<br>Follow Up<br>Joint Injection<br>Follow Up<br>Follow Up | 02/17/2020<br>04/14/2020<br>05/04/2020<br>05/29/2020<br>07/23/2020 | $2,662.50<br>$450.00<br>$2,385.00<br>$450.00<br>**PENDING** |
| 12. | Linden Surgical Center<br>9735 Wilshire Boulevard Suite 100<br>Beverly Hills, CA 90212 | Joint Injection | 05/04/2020 | **PENDING** |
| 13. | | | | |
| 14. | | | Sub-Total | **$122,448.50** |

Investigation and discovery are continuing and as such, Plaintiff reserves the right to supplement and amend this response as further information becomes available, up to and including the time of trial.

**FORM INTERROGATORY NO. 6.5:**

Have you taken any medication, prescribed or not, as a result of injuries that you attribute the INCIDENT? If so, for each medication state:

**RESPONSE TO INTERROGATORY 6.5:**

Objection. Seeks information which is privacy protected under Article I, § I of the California Constitution, as well as collateral source information. Attorney-client communication and attorney work product privileged information. Subject to, and without waiving said information, this Responding Party responds as follows: yes. Pursuant to California *Code of Civil Procedure* § 2030.230, Responding Party elects to respond by producing all responsive documents in her control, custody, and possession as attached to his Responses to Requests for Production of Documents, Set

14

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
49

1  One. Investigation and discovery are continuing and as such, Plaintiff reserves the right to

2  supplement and amend this response as further information becomes available, up to and including

3  the time of trial.

4  **FORM INTERROGATORY NO. 6.6:**

5       Are there any other medical services necessitated by the injuries that you attribute to the

6  INCIDENT that were not previously listed (for example, ambulance, nursing, prosthetics)?  If so,

7  for each service state:

8       (a) the nature;

9       (b) the date;

10       (c) the cost; and

11       (d) the name, ADDRESS, and telephone number of each provider.

12  **RESPONSE TO INTERROGATORY 6.6:**

13       Objection. Seeks information which is privacy protected under Article I, § I of the California

14  Constitution, as well as collateral source information.  Attorney-client communication and attorney

15  work product privileged information.  Subject to, and without waiving said information, this

16  Responding Party responds as follows: not to Responding Party's knowledge or belief at this time.

17  Investigation and discovery are continuing and as such, Plaintiff reserves the right to supplement

18  and amend this response as further information becomes available, up to and including the time of

19  trial.

20  **FORM INTERROGATORY NO. 6.7:**

21       Has any HEALTH CARE PROVIDER advised that you may require future or additional

22  treatment for any injuries that you attribute to the INCIDENT?  If so, for each injury state:

23       (a) the name and ADDRESS of each HEALTH CARE PROVIDER;

24       (b) the complaints for which the treatment was advised; and

25       (c) the nature, duration, and estimated cost of the treatment.

26  **RESPONSE TO INTERROGATORY 6.7:**

27       Objection. Seeks information which is privacy protected under Article I, § I of the California

28

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT RESULTS

15

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
50

1  Constitution, as well as collateral source information.  Attorney-client communication and attorney
2  work product privileged information.   Subject to, and without waiving said information, this
3  Responding Party responds as follows: Not to Responding Party's knowledge or belief at this time.
4  Per *Code of Civil Procedure* § 2030.230, please see the Plaintiff's medical records regarding this
5  incident which is available to all Parties and which is attached to Responding Party's Responses to
6  Defendant's Request for Production of Documents, Set One. Investigation and discovery are
7  continuing and as such, Plaintiff reserves the right to supplement and amend this response as further
8  information becomes available, up to and including the time of trial.

9  **FORM INTERROGATORY NO. 7.1:**

10      Do you attribute any loss of or damage to a vehicle or other property to the INCIDENT?  If
11  so, for each item of property:

12      **(a)**  describe the property;

13      **(b)** describe the nature and location of the damage to the property;

14      **(c)** state the amount of damage you are claiming for each item of property and how
15  the amount was calculated; and

16      (d) if the property was sold, state the name, ADDRESS, and telephone number of the
17  seller, the date of sale, and the sale price.

18  **RESPONSE TO INTERROGATORY 7.1:**

19      No as to responding party.

20  **FORM INTERROGATORY NO. 7.2:**

21      Has a written estimate or evaluation been made for any item of property referred to in you
22  answer to the preceding interrogatory?  If so, for each estimate or evaluation state:

23      (a) the name, ADDRESS, and telephone number of the PERSON who prepared it and
24  the date prepared;

25      (b) the name, ADDRESS, and telephone number of each PERSON who has a copy of it;
26  and

27      (c) the amount of damage stated.

28

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

Exhibit 7
51

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

1  **RESPONSE TO INTERROGATORY 7.2:**

2      (a) Not applicable.

3  **FORM INTERROGATORY NO. 7.3:**

4      Has any item of property referred to in you answer to interrogatory 7.1 been repaired?

5  If so, for each item state:

6      (a) the date repaired;

7      (b) a description of the repair;

8      (c) the repair cost;

9      (d) the name, ADDRESS, and telephone number of the PERSON who repaired it;

10     (e) the name, ADDRESS, and telephone number of the PERSON who paid for the

11 repair.

12 **RESPONSE TO INTERROGATORY 7.3:**

13     Not applicable.

14 **FORM INTERROGAORY NO. 8.1:**

15     Do you attribute any loss of income or earning capacity to the INCIDENT? (*If your answer*

16 *is "no," do not answer interrogatories 8.2 through 8.8*).

17 **RESPONSE TO INTERROGATORY 8.1:**

18     Yes.

19 **FORM INTERROGATORY NO. 9.1:**

20     Are there any other damages that you attribute to the INCIDENT? If, so, for each item of

21 damage state:

22     (a) The nature;

23     (b) The date it occurred;

24     (c) The amount; and

25     (d) The name, ADDRESS, and telephone number of each PERSON to whom an obligation

26       was incurred.

27

28

Exhibit 7
52

**RESPONSE TO INTERROGATORY 9.1:**

None known to Responding Party.

**FORM INTERROGATORY NO. 9.2:**

Do any DOCUMENTS support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**RESPONSE TO INTERROGATORY 9.2:**

Not Applicable.

**FORM INTERROGATORY NO. 10.1:**

At any time before the INCIDENT did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT?  If so, for each state:

(a) description of the complaint or injury;

(b) the dates it began and ended; and

(c) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER whom you consulted or who examined or treated you.

**RESPONSE TO INTERROGATORY 10.1:**

Objection. Seeks information which is privacy protected under Article I, § I of the California Constitution, as well as collateral source information. Seeks attorney-client communication and attorney work product privileged information. Subject to, and without waiving said information, this Responding Party responds as follows: responding party was involved in a minor rear-end collision in 2007. Investigation and discovery are continuing and as such, Plaintiff reserves the right to supplement and amend this response as further information becomes available, up to and including the time of trial.

**FORM INTERROGATORY NO. 10.2:**

List all physical, mental, and emotional disabilities you had immediately before the INCIDENT.  (You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

18

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
53

1  **RESPONSE TO INTERROGATORY 10.2:**

2      Objection. Seeks information which is privacy protected under Article I, § I of the California

3  Constitution, as well as collateral source information.  Attorney-client communication and attorney

4  work product privileged information. Subject to, and without waiving said information, this

5  Responding Party responds as follows: none known to responding party. Investigation and

6  discovery are continuing and as such, Plaintiff reserves the right to supplement and amend this

7  response as further information becomes available, up to and including the time of trial.

8  **FORM INTERROGATORY NO. 10.3:**

9      At any time after the INCIDENT, did you sustain injuries of the kind for which you are now

10  claiming damages?  If so, for each incident giving rise to an injury state:

11      (a)  the date and the place it occurred;

12      (b)  the name, ADDRESS, and telephone number of any other PERSON involved;

13      (c)  the nature of any injuries you sustained;

14      (d)  the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER

15  who you consulted or who examined or treated you;

16      (e)  the nature of the treatment and its duration.

17  **RESPONSE TO INTERROGATORY 10.3:**

18      Objection. Seeks information which is privacy protected under Article I, § I of the California

19  Constitution, as well as collateral source information.  Attorney-client communication and attorney

20  work product privileged information. Subject to, and without waiving said information, this

21  Responding Party responds as follows: no. Investigation and discovery are continuing and as such,

22  Plaintiff reserves the right to supplement and amend this response as further information becomes

23  available, up to and including the time of trial.

24  **FORM INTERROGATORY NO. 11.1:**

25      Except for this action, in the past 10 years have you filed an action or made a written claim

26  or demand for compensation for your personal injuries? If so, for each action, claim, or demand

27  state:

28

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

RAFII & ASSOCIATES, P.C.
EXCELLENCE| COMMITMENT| RESULTS

Exhibit 7
54

1      (a) the date, time and place and location (closest street ADDRESS or intersection) of the

2          INCIDENT giving rise to the action, claim or demand;

3      (b) the name ADDRESS, and telephone number of each PERSON against whom the claim

4          or demand was made or the action filed;

5      (c) the court, names of the parties, and case number of any action filed;

6      (d) the name, ADDRESS, and telephone number of any attorney representing you;

7      (e) whether the claim or action has been resolved or is pending; and

8      (f) a description of the injury.

9  **RESPONSE TO FORM INTERROGATORY NO. 11.1:**

10     Objection. Seeks information which is privacy protected under Article I, § I of the California

11  Constitution, as well as collateral source information. Attorney-client communication and attorney

12  work product privileged information. Subject to, and without waiving said information, this

13  Responding Party responds as follows: based on the information available, none other than the

14  instant action. Investigation and discovery are continuing and as such, Plaintiff reserves the right to

15  supplement and amend this response as further information becomes available, up to and including

16  the time of trial.

17  **FORM INTERROGATORY NO. 11.2:**

18     In the past 10 years have you made a written claim or demand for workers' compensation

19  benefits? If so, for each claim or demand state:

20     (a) the date, time and place of the INCIDENT giving rise to the claim;

21     (b) the name, ADDRESS, and telephone number of your employer at the time of the

22  injury;

23     (c) the name, ADDRESS, and telephone number of the workers' compensation insurer

24  and the claim number;

25     (d) the period of time during which you received worker's compensation benefits;

26     (e) a description of the injury;

27     (f) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER

28

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

RAFII & ASSOCIATES, P. C.
EXCELLENCE | COMMITMENT | RESULTS

Exhibit 7
55

1    who provided services; and;

2         (g)  the case number at the Workers' Compensation Appeals Board.

3    **RESPSONSE TO FORM INTERROGATORY NO. 11.2:**

4         Objection. Seeks information which is privacy protected under Article I, § I of the California

5    Constitution, as well as collateral source information.  Attorney-client communication and attorney

6    work product privileged information. Subject to, and without waiving said information, this

7    Responding Party responds as follows: none. Investigation and discovery are continuing and as such,

8    Plaintiff reserves the right to supplement and amend this response as further information becomes

9    available, up to and including the time of trial.

10   **FORM INTERROGATORY NO. 12.1:**

11        State the name, ADDRESS, and telephone number of each individual:

12        (a)  who witnessed the INCIDENT or the events occurring immediately before or after the

13             INCIDENT;

14        (b)  who made any statement at the scene of the INCIDENT;

15        (c)  who heard any statements made about the INCIDENT by any individual at the scene;

16             and

17        (d)  who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the

18             INCIDENT (except for expert witnesses covered by Code of Civil Procedure section

19             2034).

20   **RESPONSE TO INTERROGATORY 12.1:**

21        Objection. Overbroad as to time and subject matter. Burdensome. This request calls for

22   information protected by the attorney work product privilege, the attorney-client privilege and it violates

23   the protection afforded by *California Code of Civil Procedure* §2018 (a) and (b), *Coito v Superior Court*,

24   142 Cal. Rptr.3d 607 (2012) and *Nacht & Lewis Architects, Inc. v. Superior Court of Sacramento County*,

25   47 Cal. App. 4th 214 (1996) because it is designed to elicit Plaintiff's counsel's legal reasoning,

26   conclusions, opinions and theories by calling for an evidentiary determination which would reveal the

27   strengths and weaknesses of Plaintiff's case, and insofar as it seeks to ascertain writings prepared by

28

RAFII & ASSOCIATES, P.C.
EXCELLENCE| COMMITMENT| RESULTS

21

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
56

1   Plaintiff's attorneys in preparation for trial, improper in form.  It additionally violates the attorney work

2   product privilege in that it seeks early disclosure of Plaintiff's counsel's trial strategy and identity of

3   witnesses that may, or may not, be called at trial.  This calls for an expert opinion from a lay witness, and

4   seeks early disclosure of expert witness information and opinion, which violates *California Code of Civil*

5   *Procedure* §2034.

6       Subject to and without waiving the above objections, Responding Party responds as follows:

7   (a) Plaintiff, BERENICE CHAVEZ; Plaintiff may be contacted through their attorneys of

8       record; Defendant: WALMART INC.;

9       All medical personnel involved in the treatment of Plaintiff, including, but not limited to

10       individuals listed in Plaintiff's response to Form Interrogatory 6.4.

11   (b) Plaintiff, BERENICE CHAVEZ; Plaintiff may be contacted through their attorneys of

12       record;

13       Defendant: WALMART INC.;

14   (c) Plaintiff, BERENICE CHAVEZ; Plaintiff may be contacted through their attorneys of

15       record;

16       Defendant: WALMART INC.;

17   (d) Plaintiff, BERENICE CHAVEZ; Plaintiff may be contacted through their attorneys of

18       record;

19       Defendant: WALMART INC.;

20       All medical personnel, including emergency personnel and medical personnel involved in

21       the treatment of Plaintiff, including, but not limited to individuals listed in Plaintiff's

22       response to Form Interrogatory 6.4.

23       Investigation and discovery are continuing and as such, Plaintiff reserves the right to

24   supplement and amend this response as further information becomes available, up to and including

25   the time of trial.

26   **FORM INTERROGATROY NO. 12.2:**

27       Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual

28

RAFII & ASSOCIATES, P. C.
EXCELLENCE | COMMITMENT| RESULTS

22
**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
57

1    concerning the INCIDENT? If so, for each individual state:

2              (a) The name, ADDRESS. and telephone number of the individual interviewed;

3              (b) The date of the interview; and

4              (c) The name ADDRESS, and telephone number of the PERSON who conducted the

5                   interview.

6    **RESPONSE TO INTERROGATORY 12.2**

7              Objection. This interrogatory improperly seeks Responding Party's legal opinions,

8    reasoning, theories and/or legal research, and thereby seeks attorney work product not subject to

9    discovery. It is oppressive in that it invades the work-product privilege and seeks derivative

10   materials such as statements of witnesses, investigative reports or technical data, research or

11   calculations and/or information which would not ultimately be disclosed at trial. Disclosure of

12   Responding Party's legal research by their counsel will necessarily reflect counsel's evaluation of

13   the case and/or the potential legal issues counsel deemed important. Further, this interrogatory is

14   overbroad in scope and time, so as to improperly include a list of potential witnesses who have

15   been interviewed by opposing counsel. Disclosure of Responding Party's list of potential

16   witnesses interviewed by their counsel will necessarily reflect counsel's evaluation of the case

17   and/or the potential witnesses counsel deemed important enough to interview. Subject to and

18   without waiving the above objections, Responding Party responds as follows: no. Investigation

19   and discovery are continuing and as such, Plaintiff reserves the right to supplement and amend

20   this response as further information becomes available, up to and including the time of trial.

21   **FORM INTERROGATORY NO. 12.3:**

22             Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded

23   statement from any individual concerning the INCIDENT? If so, for each statement state:

24        (a) The name, ADDRESS, and telephone number of the individual from whom the statement

25             was obtained.

26        (b) The name, ADDRESS, and telephone number of the individual who obtained the statement;

27        (c) The date the statement was obtained; and

28

RAFII & ASSOCIATES, P. C.
EXCELLENCE | COMMITMENT | RESULTS

23

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
58

1    (d) The name, ADDRESS and telephone number of each PERSON who has the original

2         statement or a copy.

3    **RESPONSE TO INTERROGATORY 12.3**

4         Objection. This interrogatory improperly seeks Responding Party's legal opinions,

5    reasoning, theories and/or legal research, and thereby seeks attorney work product not subject to

6    discovery. It is oppressive in that it invades the work-product privilege and seeks derivative

7    materials such as statements of witnesses, investigative reports or technical data, research or

8    calculations and/or information which would not ultimately be disclosed at trial. Disclosure of

9    Responding Party's legal research by their counsel will necessarily reflect counsel's evaluation of

10   the case and/or the potential legal issues counsel deemed important. Further, this interrogatory is

11   overbroad in scope and time, so as to improperly include a list of potential witnesses who have

12   been interviewed by opposing counsel. Disclosure of Responding Party's list of potential

13   witnesses interviewed by their counsel will necessarily reflect counsel's evaluation of the case

14   and/or the potential witnesses counsel deemed important enough to interview. Subject to and

15   without waiving the above objections, Responding Party responds as follows: no. Investigation

16   and discovery are continuing and as such, Plaintiff reserves the right to supplement and amend

17   this response as further information becomes available, up to and including the time of trial.

18   **FORM INTERROGATORY NO. 12.4:**

19        Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any photographs,

20   films, or videotapes depicting any place, object, or individual concerning the INCIDENT or

21   plaintiff's injuries?  If so, state:

22        (a) the number of photographs or feet of film or videotape;

23        (b) the places, objects, or persons photographed, filmed, or videotaped;

24        (c) the date the photographs, films, or videotapes were taken;

25        (d) the name, ADDRESS, and telephone number of the individual taking the

26   photographs, films, or videotapes; and

27        (e) the name, ADDRESS, and telephone number of each PERSON who has the original

28

RAFII & ASSOCIATES, P. C.
EXCELLENCE| COMMITMENT| RESULTS

24
**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
59

1 | or a copy of the photographs, films, or videotapes.

2 | **RESPONSE TO INTERROGATORY NO. 12.4:**

3 |     Yes

4 |     (a) 1 photograph;

5 |     (b) photographs of Responding Party's footwear;

6 |     (c) On or about the date of the incident;

7 |     (d) Responding Party;

8 |     (e) Responding Party who may be contacted through her counsel of record.

9 |

10 |     (a) 3 photographs;

11 |     (b) photographs of the scene of the incident;

12 |     (c) On or about the date of the incident;

13 |     (d) Responding Party;

14 |     (e) Responding Party who may be contacted through her counsel of record.

15 |     Investigation and discovery are continuing and as such, Plaintiff reserves the right to

16 | supplement and amend this response as further information becomes available, up to and including

17 | the time of trial.

18 | **FORM INTERROGATORY NO. 12.5:**

19 |     Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any diagram,

20 | reproduction, or model of any place or thing (except for items developed by expert witnesses

21 | covered by Code of Civil Procedure, § 2034) concerning the INCIDENT? If so, for each item state:

22 |     (a) the type (i.e., diagram, reproduction, or model);

23 |     (b) the subject matter; and

24 |     (c) the name, ADDRESS, and telephone number of each PERSON who has it.

25 | **RESPONSE TO INTERROGATORY 12.5:**

26 |     Objection. Seeks attorney work product and attorney-client communication privileged

27 | information. Also seeks early disclosure of expert witness information and opinion. Subject to,

28 |

RAFII & ASSOCIATES, P. C.
EXCELLENCE | COMMITMENT | RESULTS

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
60

1  and without waiving said objections, this Responding Party responds as follows: no. Investigation
2  and discovery are continuing and as such, Plaintiff reserves the right to supplement and amend
3  this response as further information becomes available, up to and including the time of trial.

4  **FORM INTERROGATORY NO. 12.6:**

5  Was a report made by any PERSON concerning the INCIDENT?  If so, state:

6  (a) the name, title, identification number, and employer of the PERSON who made the
7  report;

8  (b) the date and type of report made;

9  (c) the name, ADDRESS, and telephone number of the PERSON for whom the report
10 was made; and

11 (d) the name, ADDRESS, and telephone number of each PERSON who has the original
12 or a copy of the report.

13 **RESPONSE TO INTERROGATORY 12.6:**

14 An incident report was created by a Walmart manager at the time of the incident.

15 **FORM INTERROGATORY NO. 12.7:**

16 Have YOU OR ANYONE ACTING ON YOUR BEHALF inspected the scene of the
17 INCIDENT? If so, for each inspection state:

18 (a) The name, ADDRESS, and telephone number of the individual making the inspection
19 (except for expert witnesses covered by Code of Civil Procedure Sections 2034.210-
20 2034.310) and

21 (b) The date of inspection.

22 **RESPONSE TO INTERROGATORY 12.7**

23 None known to this Responding Party.  Investigation and discovery are continuing and as
24 such, Plaintiff reserves the right to supplement and amend this response as further information
25 becomes available, up to and including the time of trial.

26 **FORM INTERROGATORY NO. 13.1:**

27 Have YOU OR ANYONE ACTING ON YOUR BEHALF conducted surveillance of any

28

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

RAFII & ASSOCIATES, P.C.
EXCELLENCE| COMMITMENT| RESULTS

Exhibit 7
61

individual involved in the INCIDENT or any party to this action? If so, for each surveillance state:

    (a) The name, ADDRESS, an telephone number of the individual or party;

    (b) The time, date, and place of the surveillance;

    (c) The name, ADDRESS, and telephone number of the individual who conducted the surveillance; and

    (d) The name, ADDRESS, and telephone number of each PERSON who has the original or a copy of any surveillance photograph, film, or videotape.

**RESPONSE TO INTERROGATORY 13.1**

No..

**FORM INTERROGATORY NO. 13.2:**

Has a written report been prepared on the surveillance? If so, for each written report state:

(a) The title;

(b) The date;

(c) The name, ADDRESS, and telephone number of the individual who prepared the report; and

(d) The name, ADDRESS, and telephone number of each PERSON who has the original or a copy.

**RESPONSE TO INTERROGATORY 13.2**

No.

**FORM INTERROGATORY NO. 14.1:**

Do YOU OR ANYONE ACTING ON YOUR BEHALF contend that any PERSON involved in the INCIDENT violated any statute, ordinance, or regulation and that the violation was the legal (proximate) cause of the INCIDENT? If so, identify the name, ADDRESS, and telephone number of each PERSON and the statute, ordinance, or regulation that was violated.

**RESPONSE TO INTERROGATORY 14.1**

Objection. Seeks attorney work product information and attorney-client privileged communications. Subject to, and without waiving said objections, this Responding Party responds

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

27

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
62

RAFII & ASSOCIATES, P. C.
EXCELLENCE | COMMITMENT | RESULTS

1   as follows: none known to this responding party. Investigation and discovery are continuing and

2   as such, Plaintiff reserves the right to supplement and amend this response as further information

3   becomes available, up to and including the time of trial.

4   **FORM INTERROGATORY NO. 14.2:**

5         Was any PERSON cited or charged with a violation of any statute, ordinance, or regulation

6   as a result of this INCIDENT? If so, for each PERSON state:

7         (a) The name, ADDRESS, and telephone number of the PERSON;

8         (b) The statute, ordinance, or regulation allegedly violated;

9         (c) Whether the PERSON entered a plea in response to the citation or charge and, if so, the

10              plea entered; and

11        (d) The name and ADDRESS of the court or administrative agency, names of the parties, and

12              case number.

13  **RESPONSE TO INTERROGATORY 14.2**

14        None known to this responding party. Investigation and discovery are continuing and as

15  such, Plaintiff reserves the right to supplement and amend this response as further information

16  becomes available, up to and including the time of trial.

17  **FORM INTERROGATORY NO. 17.1:**

18        Is your response to each request for admission served with these interrogatories an

19  unqualified admission? If not, for each response that is not an unqualified admission:

20        (a) State the number of the request;

21        (b) State all facts upon which you base your response;

22        (c) State the name, ADRESSSES, and telephone numbers of all PERSONS who have

23              knowledge of those facts; and

24        (d) Identify all DOCUMENTS and other tangible things that support your response and state

25              the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT

26              or thing.

27  **RESPONSE TO INTERROGATORY NO. 17.1**

28

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
63

1     (a) Request for Admission Nos. 1-21, 24-26;

2     (b) Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis

3         supporting a factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975).

4         It invades counsel's work product exemption in that it seeks to obtain information through

5         counsel's personal thought processes. *Rumac, Inc. v. Bottomley*, 143 Cal. App. 3d 810

6         (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Subject to and without waiving

7         any objections, responding party responds as follows: responding party was walking inside

8         of Walmart when she slipped and fell on a hanger that was left on the floor. The incident

9         caused responding party to sustain bodily injuries and take time off of work. Discovery and

10        investigation continue. Responding party reserves the right to amend its response.

11    (c) Responding party, responding party's counsel, propounding party and its employees who

12        were present at the time of the incident;

13    (d) Please refer to the documents produced in responding party's responses to the request for

14        production of documents served concurrently.

15        Discovery is continuous and ongoing, and this Responding Party reserves her rights to

16  amend these responses should further information become available.

17  DATED:  November 30, 2020             **RAFII & NAZARIAN, LLP**

18

19

20

21              By:          _____

22                                DANIEL J. RAFII, ESQ.
CHRISTOPHER K. ROBERTS, ESQ.

23                                CHRISTIAN R. CASTRO, ESQ.
Attorneys for Plaintiff

24

25

26

27

28

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

Exhibit 7
64

## PROOF OF SERVICE

I certify that I am a resident of Los Angeles County, I am over the age of eighteen (18) and not a party to the within action, and that my business address is: 9100 Wilshire Blvd., Suite 465E, Beverly Hills, CA 90212.

On **November 30, 2020,** I served the foregoing documents described as:

**PLAINTIFF BERENICE CHAVEZ'S RESPONSES TO DEFENDANT WALMART INC., FORM INTERROGATORIES, SET ONE**

on all interested parties in this action as follows:

Justin R. Felton, Esq.,
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
jfelton@pettitkohn.com
mfrandsen@PettitKohn.com
*Attorneys for Defendant WALMART INC.*

___    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

X    **ONLY BY ELECTRONIC SERVICE.** By emailing the document(s) to the persons at the e-mail address(es) listed above. Service is based on Coronavirus pandemic. No electronic message or other indication that the subject email transmission was unsuccessful was received within a reasonable time after the transmission.

X    **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

___    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this**, November 30, 2020,** at Beverly Hills, California.

MELISA ARENAS

---
30
**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE**

Exhibit 7
65

*RAFII & ASSOCIATES, P. C.*
*EXCELLENCE | COMMITMENT| RESULTS*

# Exhibit 8

Exhibit 8
66

1   RAFII & ASSOCIATES, P.C.
    DANIEL J. RAFII, SBN 244174
2    *daniel@rafiilaw.com*
    CHRISTOPHER K. ROBERTS, SBN 232791
3    *christopher@rafiilaw.com*
    CHRISTIAN CASTRO, SBN 294955
4    *christian@rafiilaw.com*
    9100 Wilshire Boulevard, Suite 465E
5   Beverly Hills, California 90212
    Telephone:     310.777.7877
6   Facsimile:     310.777.7855

7   Attorneys for Plaintiff
    BERENICE CHAVEZ
8

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10           **COUNTY OF LOS ANGELES – SPRING STREET**

11

12   BERENICE CHAVEZ, an individual,          Case No. 20STCV28790

13                Plaintiff,                   *Assigned for All Purposes to: Hon. Kristin S.*
                                               *Escalante Dept 29*
14          v.

15   WALMART INC., A DELAWARE                  **PLAINTIFF'S RESPONSES TO**
     CORPORATION; and DOES 1 through 50,       **DEFENDANT WALMART INC.'S**
16   inclusive,                                **REQUEST FOR ADMISSIONS SET ONE**

17                Defendants.                  Complaint Filed: July 30, 2020

18

19

20          PROPOUNDING PARTY:      Defendant, WALMART INC.

21          RESPONDING PARTY:       Plaintiff, BERENICE CHAVEZ

22          SET NO.:                ONE

23

24          Plaintiff BERENICE CHAVEZ (hereinafter referred to as "Plaintiff" or "Responding

25   Party") responds to the Request for Admissions (Set One) served on it by Defendant WALMART

26   INC. (referred to as "Propounding Party" or "Defendant") as follows:

27

28
                                               1
            **PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS**

Exhibit 8
67

**GENERAL OBJECTIONS**

This Response by Responding Party is made solely for the purpose of this action, and is made without waiving, or intending to waive, but, on the contrary, expressly reserving: (1) the right to object on the grounds of competency, propriety, admissibility, privilege, relevance, or materiality, or any other proper grounds, to the use of this Response or any facts information or documents identified herein, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (2) the right to object on any and all grounds, at any time, to the other interrogatories, requests for production or other discovery procedures involving or relating to the subject matter of this Response; and (3) the right at any time to revise, correct, add to, or clarify any of the responses provided herein. Responding Party has not yet completed its investigation of the facts relating to this action, its discovery in this action, or its preparation for trial. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, or establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions set forth herein or change conclusions, opinions, representations, objections and/or statements made herein. Responding Party accordingly reserves the right to change or supplement any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are formed. This Response reflects only the present state of Responding Party's recollection and the present state of discovery. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions which are presently known, but should in no way be to the prejudice of Responding Party in relation to further discovery, research, or analysis. Except for facts explicitly admitted herein, no admission of any nature whatsoever is implied or should be inferred. The fact that any Request herein has been answered should not be taken as an admission or acceptance of the existence of any documents assumed by such request.

**RESPONSES TO REQUEST FOR ADMISSIONS**

**PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS**

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

Exhibit 8
68

**REQUEST FOR ADMISSION NO. 1:**

Admit that WALMART was not negligent in this matter. (For purposes of these requests, "WALMART" means Defendant Walmart Inc. and its agents, employees, insurance companies, and their agents, their employees, their attorneys, their accountants, their investigators, and anyone else acting on its behalf.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Deny.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU were not injured as a result of the INCIDENT. (For purposes of these requests, "YOU" or "YOUR" means Plaintiff BERENICE CHAVEZ.) (For purposes of these interrogatories, "INCIDENT" includes the circumstances and events surrounding the alleged occurrences giving rise to this action as alleged in YOUR COMPLAINT.) (For the purposes of these requests, "COMPLAINT" means the Complaint Plaintiff BERENICE CHAVEZ filed in the Los Angeles County Superior Court, on or about July 30, 2020.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Deny.

**REQUEST FOR ADMISSION NO. 3:**

Admit that WALMART owed no duty to YOU on the date of the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Deny.

**REQUEST FOR ADMISSION NO. 4:**

Admit that WALMART breached no duty to YOU on the date of the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Deny.

///

**REQUEST FOR ADMISSION NO. 5:**

Admit that WALMART bears no liability to YOU for the INCIDENT.



RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

**PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS**

Exhibit 8
69

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**:

 Deny.

**REQUEST FOR ADMISSION NO. 6**:

 Admit that YOU do not know how long the item on which YOU alleged YOU slipped was on the floor of the SUBJECT STORE before YOU allegedly slipped. (For purposes of these requests, "SUBJECT STORE" refers to WALMART Store, located at 11729 Imperial Highway in Norwalk, California, in which YOU allege the INCIDENT occurred, as described in YOUR COMPLAINT.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**:

 Pursuant to California *Code of Civil Procedure* Section 2033.220(c), after a reasonable inquiry concerning the matter being requested, the information known or readily obtainable is insufficient to enable responding party to admit or deny the matter with the degree of specificity that is requested. Discovery and investigation continue. Responding party reserves the right to amend its response.

**REQUEST FOR ADMISSION NO. 7**:

 Admit that YOU do not know the source of the item alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**:

 Deny.

**REQUEST FOR ADMISSION NO. 8**:

 Admit that YOU have no evidence that WALMART was aware of the item alleged in YOUR COMPLAINT before the INCIDENT occurred.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**:

 Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis supporting a factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975). It invades counsel's work product exemption in that it seeks to obtain information through counsel's personal thought processes. *Rumac, Inc. v. Bottomley*, 143 Cal. App. 3d 810 (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Subject to and without waiving any objections, responding party responds as follows: Pursuant to California *Code of Civil Procedure* Section 2033.220(c), after a reasonable inquiry concerning the matter being requested, the

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT RESULTS

4

**PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS**

Exhibit 8
70

1    information known or readily obtainable is insufficient to enable Responding party to admit or deny the

2    matter with the degree of specificity that is requested.

3    **REQUEST FOR ADMISSION NO. 9:**

4         Admit that YOU have no evidence that a WALMART employee walked by the item alleged

5    in YOUR COMPLAINT before YOU allegedly fell.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

7         Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis supporting a

8    factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975). It invades counsel's work

9    product exemption in that it seeks to obtain information through counsel's personal thought processes. *Rumac,*

10   *Inc. v. Bottomley*, 143 Cal. App. 3d 810 (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Subject to

11   and without waiving any objections, responding party responds as follows: Pursuant to California *Code of*

12   *Civil Procedure* Section 2033.220(c), after a reasonable inquiry concerning the matter being requested, the

13   information known or readily obtainable is insufficient to enable Responding party to admit or deny the

14   matter with the degree of specificity that is requested.

15   **REQUEST FOR ADMISSION NO. 10:**

16        Admit that YOU have no evidence that a WALMART employee saw the item alleged in

17   YOUR COMPLAINT before YOU allegedly fell.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

19        Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis supporting a

20   factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975). It invades counsel's work

21   product exemption in that it seeks to obtain information through counsel's personal thought processes. *Rumac,*

22   *Inc. v. Bottomley*, 143 Cal. App. 3d 810 (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Subject to

23   and without waiving any objections, responding party responds as follows: Pursuant to California *Code of*

24   *Civil Procedure* Section 2033.220(c), after a reasonable inquiry concerning the matter being requested, the

25   information known or readily obtainable is insufficient to enable Responding party to admit or deny the

26   matter with the degree of specificity that is requested.

27   **REQUEST FOR ADMISSION NO. 11:**

28

5

**PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS**

Exhibit 8
71

1    Admit that YOU have no evidence that a customer informed WALMART of the item alleged

2  in YOUR COMPLAINT before YOU allegedly fell.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

4    Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis supporting a

5  factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975). It invades counsel's work

6  product exemption in that it seeks to obtain information through counsel's personal thought processes. *Rumac,*

7  *Inc. v. Bottomley*, 143 Cal. App. 3d 810 (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Subject to

8  and without waiving any objections, responding party responds as follows: Pursuant to California *Code of*

9  *Civil Procedure* Section 2033.220(c), after a reasonable inquiry concerning the matter being requested, the

10  information known or readily obtainable is insufficient to enable Responding party to admit or deny the

11  matter with the degree of specificity that is requested.

12  **REQUEST FOR ADMISSION NO. 12:**

13    Admit that YOU suffered no special medical damages as a result of the INCIDENT.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

15    Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis supporting a

16  factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975). It invades counsel's work

17  product exemption in that it seeks to obtain information through counsel's personal thought processes. *Rumac,*

18  *Inc. v. Bottomley*, 143 Cal. App. 3d 810 (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Seeks to

19  invade constitutionally protected medical and financial privacy.  Subject to and without waiving any

20  objections, responding party responds as follows: Deny.

21  **REQUEST FOR ADMISSION NO. 13:**

22    Admit that YOU will incur no future damages as a result of the INCIDENT.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

24    Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis supporting a

25  factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975). It invades counsel's work

26  product exemption in that it seeks to obtain information through counsel's personal thought processes. *Rumac,*

27  *Inc. v. Bottomley*, 143 Cal. App. 3d 810 (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Seeks to

28

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

6

**PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS**

Exhibit 8
72

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

1  invade constitutionally protected medical and financial privacy. Subject to and without waiving any

2  objections, responding party responds as follows: Deny.

3  **REQUEST FOR ADMISSION NO. 14:**

4    Admit that YOU did not incur past wage loss as a result of the INCIDENT.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

6    Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis supporting a

7  factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975). It invades counsel's work

8  product exemption in that it seeks to obtain information through counsel's personal thought processes. *Rumac,*

9  *Inc. v. Bottomley*, 143 Cal. App. 3d 810 (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Seeks to

10  invade constitutionally protected medical and financial privacy. Subject to and without waiving any

11  objections, responding party responds as follows: Deny.

12  **REQUEST FOR ADMISSION NO. 15:**

13    Admit that YOU will not incur future wage loss as a result of the INCIDENT.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

15    Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis supporting a

16  factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975). It invades counsel's work

17  product exemption in that it seeks to obtain information through counsel's personal thought processes. *Rumac,*

18  *Inc. v. Bottomley*, 143 Cal. App. 3d 810 (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Seeks to

19  invade constitutionally protected medical and financial privacy. Subject to and without waiving any

20  objections, responding party responds as follows: Deny.

21  **REQUEST FOR ADMISSION NO. 16:**

22    Admit YOU have no loss of earning capacity as a result of the INCIDENT.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

24    Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis supporting a

25  factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975). It invades counsel's work

26  product exemption in that it seeks to obtain information through counsel's personal thought processes. *Rumac,*

27  *Inc. v. Bottomley*, 143 Cal. App. 3d 810 (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Seeks to

28

7

**PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS**

Exhibit 8
73

1    invade constitutionally protected medical and financial privacy.   Subject to and without waiving any

2    objections, responding party responds as follows: Deny.

3    **REQUEST FOR ADMISSION NO. 17:**

4         Admit that YOU have no need of future treatment as a result of the INCIDENT.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

6         Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis supporting a

7    factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975). It invades counsel's work

8    product exemption in that it seeks to obtain information through counsel's personal thought processes. *Rumac,*

9    *Inc. v. Bottomley*, 143 Cal. App. 3d 810 (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Seeks to

10   invade constitutionally protected medical and financial privacy.   Subject to and without waiving any

11   objections, responding party responds as follows: Deny.

12   **REQUEST FOR ADMISSION NO. 18:**

13        Admit that all of the injuries which you allege were caused by the INCIDENT pre-existed

14   the INCIDENT.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

16        Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis supporting a

17   factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975). It invades counsel's work

18   product exemption in that it seeks to obtain information through counsel's personal thought processes. *Rumac,*

19   *Inc. v. Bottomley*, 143 Cal. App. 3d 810 (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Seeks to

20   invade constitutionally protected medical and financial privacy.   Subject to and without waiving any

21   objections, responding party responds as follows: Deny.

22   **REQUEST FOR ADMISSION NO. 19:**

23        Admit that YOU have suffered no harm as a result of the INCIDENT.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

25        Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis supporting a

26   factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975). It invades counsel's work

27   product exemption in that it seeks to obtain information through counsel's personal thought processes. *Rumac,*

28

RAFII & ASSOCIATES, P. C.
EXCELLENCE | COMMITMENT| RESULTS

8

**PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS**

Exhibit 8
74

RAFII & ASSOCIATES, P. C.
EXCELLENCE | COMMITMENT| RESULTS

1   *Inc. v. Bottomley*, 143 Cal. App. 3d 810 (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Seeks to

2   invade constitutionally protected medical and financial privacy.   Subject to and without waiving any

3   objections, responding party responds as follows: Deny.

4   **REQUEST FOR ADMISSION NO. 20:**

5        Admit that YOUR injuries were caused, in whole, by YOU.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

7        Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis supporting a

8   factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975). It invades counsel's work

9   product exemption in that it seeks to obtain information through counsel's personal thought processes. *Rumac,*

10  *Inc. v. Bottomley*, 143 Cal. App. 3d 810 (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Seeks to

11  invade constitutionally protected medical and financial privacy.   Subject to and without waiving any

12  objections, responding party responds as follows: Deny.

13  **REQUEST FOR ADMISSION NO. 21:**

14       Admit that YOUR injuries were caused, in part, by YOU.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

16       Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis supporting a

17  factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975). It invades counsel's work

18  product exemption in that it seeks to obtain information through counsel's personal thought processes. *Rumac,*

19  *Inc. v. Bottomley*, 143 Cal. App. 3d 810 (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Seeks to

20  invade constitutionally protected medical and financial privacy.   Subject to and without waiving any

21  objections, responding party responds as follows: Deny.

22  **REQUEST FOR ADMISSION NO. 22:**

23       Admit that YOUR damages are in excess of $75,000.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

25       Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis supporting a

26  factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975). It invades counsel's work

27  product exemption in that it seeks to obtain information through counsel's personal thought processes. *Rumac,*

28

9

**PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS**

Exhibit 8
75

1   *Inc. v. Bottomley*, 143 Cal. App. 3d 810 (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Seeks to

2   invade constitutionally protected medical and financial privacy.   Subject to and without waiving any

3   objections, responding party responds as follows: Admit.

4   **REQUEST FOR ADMISSION NO. 23:**

5       Admit that YOU are a California resident.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

7       Admit.

8   **REQUEST FOR ADMISSION NO. 24:**

9       Admit that YOU saw the item that YOU allege YOU slipped on prior to falling.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

11      Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis supporting a

12  factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975). It invades counsel's work

13  product exemption in that it seeks to obtain information through counsel's personal thought processes. *Rumac,*

14  *Inc. v. Bottomley*, 143 Cal. App. 3d 810 (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Seeks to

15  invade constitutionally protected medical and financial privacy.   Subject to and without waiving any

16  objections, responding party responds as follows: Deny.

17  **REQUEST FOR ADMISSION NO. 25:**

18      Admit that YOU are not in the possession of any photographs taken on the INCIDENT.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

20      Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis supporting a

21  factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975). It invades counsel's work

22  product exemption in that it seeks to obtain information through counsel's personal thought processes. *Rumac,*

23  *Inc. v. Bottomley*, 143 Cal. App. 3d 810 (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Seeks to

24  invade constitutionally protected medical and financial privacy.   Subject to and without waiving any

25  objections, responding party responds as follows: Deny.

26  **REQUEST FOR ADMISSION NO. 26:**

27      Admit that YOU are not in the possession of any photographs taken of the item YOU allege

28

RAFII & ASSOCIATES, P. C.
EXCELLENCE| COMMITMENT| RESULTS

10
**PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS**

Exhibit 8
76

1   YOU slipped on.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

3       Objection. The interrogatory seeks counsel's legal reasoning, theory, or statutory basis supporting a

4   factual contention. *Sav-On-Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1 (1975). It invades counsel's work

5   product exemption in that it seeks to obtain information through counsel's personal thought processes. *Rumac,*

6   *Inc. v. Bottomley*, 143 Cal. App. 3d 810 (1983); *Burke v. Superior Court*, 71 Cal. 2d 276 (1969). Seeks to

7   invade constitutionally protected medical and financial privacy. Objection. The request is vague and

8   ambiguous as to "the item." Subject to and without waiving any objections, responding party

9   responds as follows: admit. Discovery and investigation continue.

10

11   DATED:  November 30, 2020                Respectfully Submitted,

12                                                 **RAFII & ASSOCIATES, P.C.**

13

14

15

16                     By:       _____

16                                       DANIEL J. RAFII, ESQ.

17                                       CHRISTOPHER K. ROBERTS, ESQ.

18                                       CHRISTIAN R. CASTRO, ESQ.
                                    Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

11
**PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS**

Exhibit 8
77

**PROOF OF SERVICE**

1

2      I certify that I am a resident of Los Angeles County, I am over the age of eighteen (18) and not a party to the within action, and that my business address is: 9100 Wilshire Blvd., Suite 465E, Beverly Hills, CA 90067.

3

4  On **November 30, 2020,** I served the foregoing documents described as:

5      **PLAINTIFF'S RESPONSES TO DEFENDANT WALMART INC.'S REQUEST FOR ADMISSIONS SET ONE**

6  on all interested parties in this action as follows:

7  Justin R. Felton, Esq.,
   **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
8  5901 W. Century Blvd., Suite 1100
   Los Angeles, CA 90045
9  Telephone: (310) 649-5772
   Facsimile: (310) 649-5777
10 jfelton@pettitkohn.com
   mfrandsen@PettitKohn.com
11 *Attorneys for Defendant WALMART INC.*

12

13 ___    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited in the U.S. Postal Service on that  same day
14 with postage thereon fully prepaid at Los Angeles, California, in the ordinary    course of business. I am aware that on motion of the party served, service is presumed    invalid if postal cancellation or postage
15 meter date is more than one day after date of deposit    for mailing in affidavit.

16 X    **ONLY BY ELECTRONIC SERVICE.** By emailing the document(s) to the persons at the e-mail
17    address(es) listed above. Service is based on Coronavirus pandemic. No electronic message or other indication that the subject email transmission was unsuccessful was received within a reasonable
18    time after the transmission.

19 X    **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20

21 ___    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

22  Executed this, **November 30, 2020,** at Beverly Hills, California.

23

24                                   _MELISA ARENAS_

25

26

27

28

                                   12
          **PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS**



RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

Exhibit 8
78