Electronically FILED by Superior Court of California, County of Los Angeles on 07/30/2020 03:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
Case 2:20-cv-11753-JFW-JEM   Document 1-3   Filed 12/30/20   Page 1 of 6   Page ID #:84
20STCV28790
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Kristin Escalante

RAFII & NAZARIAN, LLP
DANIEL J. RAFII, SBN 244174
 *daniel@rafiilaw.com*
CHRISTOPHER K. ROBERTS, SBN 232791
 *christopher@rafiilaw.com*
CHRISTIAN CASTRO, SBN 294955
 *christian@rafiilaw.com*
9100 Wilshire Boulevard, Suite 465E
Beverly Hills, California 90212
Telephone:   310.777.7877
Facsimile:    310.777.7855

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| BERENICE CHAVEZ, an individual,<br><br>Plaintiff,<br>v.<br><br>WALMART INC., A DELAWARE CORPORATION; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 20STCV28790<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND PERSONAL INJURIES**<br><br>1. NEGLIGENCE;<br>2. PREMISES LIABILITY<br><br>DEMAND FOR JURY TRIAL |

Plaintiff BERENICE CHAVEZ, an individual (hereinafter "Plaintiff") alleges as follows:

### GENERAL ALLEGATIONS

1. Defendant WALMART INC., A DELAWARE CORPORATION, (hereinafter "WALMART") is, and at all times mentioned herein a corporation created under the laws of the State of Delaware, conducting business in Los Angeles County, California.

2. Defendants WALMART, and DOES 1 through 50 may be collectively referred to as "Defendants."

3. Plaintiff does not know the true names of Defendants DOES 1 through 50 and therefore sues them by those fictitious names. Plaintiff will amend this Complaint to allege their

1
COMPLAINT

true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of those Defendants include agents and employees in of Defendant WALMART, INC., residing in, and domiciled in, Los Angeles County, and were in some manner negligently and proximately responsible for the events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

4. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint, each of the Defendants was the agent, alter-ego, joint venture, and/or employee of each of the remaining Defendants, was acting at all times within the course and scope of said agency and employment and with the knowledge and consent of the remaining defendants, and/or was responsible for negligently hiring each of the remaining defendants. Plaintiff is further informed and believes that at all times mentioned herein, each of the Defendants was acting with the knowledge, direction, participation, acquiescence, ratification, and/or consent of the remaining Defendants, and each of them.

5. The acts or occurrences giving rise to this action occurred on August 1, 2018, in the City of Norwalk, County of Los Angeles, California, and within the jurisdiction of the above-captioned Court.

6. At all times mentioned in this Complaint, Defendants, and each of them, negligently owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised a WALMART at 11729 Imperial Hwy, Norwalk, CA 90650 (hereinafter referred to as the "Subject Premises").

7. As a result of the acts and/or omissions of the Defendants, and each of them, as hereinafter alleged, Plaintiff was caused to fall due to an unreasonably unsafe condition that was created by Defendant WALMART, INC. on, and allowed to remain on, the Subject Premises, thereby causing Plaintiff to sustain the injuries and damages complained of herein.

8. Plaintiff is informed and believes that at all times mentioned herein, Defendants, and each of them, owned, maintained, controlled, managed, operated, leased, rented, occupied,

possessed, designed, constructed, developed, landscaped, inspected, repaired, modified, supervised, permitted, and/or were employed at the Subject Premises.

9. At all times mentioned herein, Defendants, and each of them, owed a duty to Plaintiffs to keep the subject premises in a safe condition by, inter alia, providing a warning regarding the dangerous condition, or guarding against, preventing, curing, or removing the dangerous condition.

10. At all times mentioned herein, Plaintiff was lawfully on the Subject Premises and was unable to foresee or prevent the impending injury.

## VENUE

11. Venue is proper because the injury and loss occurred in the County of Los Angeles.

## FIRST CAUSE OF ACTION

### (NEGLIGENCE BY PLAINTIFF AGAINST ALL DEFENDANTS)

12. Plaintiff incorporates each allegation set forth in paragraphs 1 through 11.

13. Plaintiff is informed and believes and thereon alleges that on August 1, 2018, Defendants, and each of them, owed a duty of care to Plaintiff to keep the Subject Premises in a safe condition by, inter alia, providing a warning regarding the dangerous condition or guarding against, preventing, curing, or removing the dangerous condition.

14. Plaintiff is informed and believes and thereon alleges, that on or about the above-referenced date and place, Defendants, and each of them, owed a duty to Plaintiff because they owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled, and/or supervised, the subject premises, permitted or created the dangerous condition, and/or were employed at the Subject Premises.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, breached the aforementioned duty of the care when they negligently and carelessly owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised the

subject premises; permitted or created the dangerous condition, increased the risk of harm, or created a false sense of safety at the Subject Premises so as to cause Plaintiff to encounter a dangerous and deceptive condition causing her to fall, and thereby directly causing the injuries and damages to Plaintiff as described herein.

16. As a direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiff was injured in her health, strength, and activity, sustaining injuries to her body and person, all of which said injuries have caused and continue to cause Plaintiff great physical and mental pain and suffering. Plaintiff is informed and believes and thereon alleges that these injuries will result in some permanent disability to her, all to her general damage in an amount which will be stated according to proof at trial.

17. As a further proximate result of the negligence of Defendants, Plaintiff has incurred, and will continue to incur, medical and related expenses in an amount which will be stated according to proof at trial.

18. As a further proximate result of the negligence of Defendants as alleged herein, Plaintiff has incurred, and will incur, loss of income, wages, property damage, and other pecuniary losses, the full nature, extent, and amount of which are not yet known to Plaintiff, and the exact number of such expenses will be stated according to proof at the time of trial.

### SECOND CAUSE OF ACTION

### (PREMISES LIABILITY BY PLAINTIFF AGAINST ALL DEFENDANTS)

19. Plaintiff incorporates each allegation set forth in Paragraphs 1 through 11, and 12 through 18, inclusive.

20. At all times herein mentioned, Defendants owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised the Subject Premises, and/or permitted or created the dangerous condition the Subject Premises so as to cause or allow dangerous and/or defective conditions thereon, and that at all times mentioned herein, the condition of said premises were such that individuals upon the subject premises, including the

Plaintiff, were exposed to danger and injury while lawfully on the Subject Premises. Defendants, and each of them, failed to warn Plaintiff of the dangerous condition that existed at the Subject Premises.

21. At all times herein mentioned, Defendants created, knew of, or in the exercise of reasonable care should have known of, the dangerous and defective condition, but failed to take reasonable care to guard against, or warn against, the presence of said condition to prevent injuries to reasonably foreseeable plaintiffs, and/or persons lawfully on the Subject Premises, including Plaintiff.

22. On or about the above-referenced date and place, Defendants, and each of them, negligently and carelessly owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled, and/or supervised the Subject Premises so as to cause Plaintiff to fall, and thereby directly and proximately causing the injuries and damages to Plaintiff as described herein.

23. As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff was injured and injured in her health, strength, and activity, sustaining injuries to her body and person, all of which said injuries have caused and continue to cause Plaintiff great physical and mental pain and suffering. Plaintiff is informed and believes and thereon alleges that these injuries will result in some permanent disability to him, all to her general damage in an amount which will be stated according to proof at trial.

24. As a further direct and proximate result of the negligence of Defendants, Plaintiff has incurred, and will continue to incur, medical and related expenses in an amount according to proof.

25. As a further proximate result of the negligence of Defendants as alleged herein, Plaintiff has incurred, and will incur, loss of income, wages, property damage, and other pecuniary losses, the full nature, extent, and amount of which are not yet known to Plaintiff, and the exact number of such expenses will be stated according to proof at the time of trial.

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, for the following:

1. General damages according to proof;
2. Damages for medical and related expenses according to proof;
3. Damages for loss of earnings according to proof;
4. Interest according to law;
5. Costs of suit incurred herein; and,
6. For such other and further relief as the Court may deem just and proper.

DATED: July 30, 2020

Respectfully submitted,

**RAFII & NAZARIAN, LLP**

By: _____
DANIEL J. RAFII, ESQ.
CHRISTOHER K. ROBERTS, ESQ.
ESTHER ESTRADA, ESQ.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff BERENICE CHAVEZ requests that the present matter be set for jury trial.

DATED: July 30, 2020

Respectfully submitted,

**RAFII & NAZARIAN, LLP**

By: _____
DANIEL J. RAFII, ESQ.
CHRISTOPHER K. ROBERTS, ESQ.
ESTHER ESTRADA, ESQ.
Attorneys for Plaintiff